William C. Meyer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart and Joe Castillo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## Frank HAZKELL, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 67414.

Court of Criminal Appeals of Texas, Panel No. 3.

May 13, 1981.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of evading arrest. After entering a plea of guilty, the court assessed punishment at thirty days' confinement.

Appellant's only ground of error asserts the information is fundamentally defective.

---

The pertinent portion of the information alleges that the appellant did:

"... intentionally flee from URBINO MARTINEZ, hereinafter styled the Complainant, a peace officer lawfully attempting to arrest the defendant, knowing that the Complainant was a peace officer."

In *Alejos v. State*, 555 S.W.2d 444 (Tex. Cr.App.1977), the Court set out the elements for evading arrest: (1) a person (2) intentionally flees (3) from a peace officer (4) with knowledge he is a police officer (5) peace officer is attempting to arrest defendant (6) the attempted arrest is lawful. See also, *Rodriguez v. State*, 578 S.W.2d 419 (Tex.Cr.App.1979). Under the previous holdings of this Court, all of the necessary elements of the crime are properly alleged.

More particularly, appellant contends that it was error to fail to allege the appellant "knew" the officer was in the process of making a lawful arrest. Appellant's reliance on *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.1979), is misplaced. In *Goss*, this Court concluded that in a prosecution for failure to stop and render aid (Article 6701d, Sections 38 and 40, V.A.C.S.), knowledge that an accident had occurred was an element of the offense which must be pled and proved. In the case before us, the pleading and proof must show that the "attempted arrest was lawful." *Alejos v. State*, supra. The fact that an unlawful arrest is an exception which must be pled and proved (V.T.C.A. Penal Code, Section 2.02) does not carry with it the responsibility for the State to allege and prove that the accused "knew" he did not come within the exception.

Appellant's ground of error is without merit and is overruled.

The judgment is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority's opinion that the information in this case is not fundamentally defective. V.T.C.A., Penal Code Sec. 38.04(1) provides, "A person commits an offense if he intentionally flees from a person *he knows is a peace officer attempting to arrest him.*" (Emphasis added.) From the plain language of the statute, it is essential that the defendant knows the peace officer is attempting to arrest him. The information in this case is fundamentally defective for failure to allege such knowledge.