NO. 07-01-0247-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 19, 2001



______________________________




CASEY LEON RIDDLEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 13658-0002; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 In this appeal, Casey Leon Riddley challenges the revocation of his community
supervision granted after his conviction upon a plea of guilty of the offense of possession
of cocaine with intent to deliver. The trial court assessed punishment at two years
confinement in a state jail facility and a fine of $1,000, probated for five years. No appeal
was brought from the conviction. 

 In April 2001, the State filed a motion to revoke community supervision, alleging
seven violations of the terms of appellant's probation. After a hearing on June 1, 2001,
appellant admitted five of the seven alleged violations, the trial court revoked his
probation, and imposed the sentence originally assessed. Appellant has appealed from
that judgment.

 Appellant's counsel has now filed a motion to withdraw, together with an Anders
brief. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). In that brief, he certifies that, after careful examination of the record, he has
concluded that appellant's appeal is without merit. Along with his brief, he has provided
a copy of a letter informing appellant of his intent to withdraw and of appellant's right to
appeal pro se. Appellant was notified by this court that he had until September 27, 2001,
to file a response to the brief, but no response has been received. 

 In considering matters of this type, we face two tasks as we consider the motion
to withdraw. We must first satisfy ourselves that the attorney has provided the client with
a diligent and thorough search of the record for any arguable claim that might support the
client's appeal, and then we must determine whether counsel has correctly concluded the
appeal is frivolous. See McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108
S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978). 

 The reporter's record establishes that appellant pled true to five of the seven
alleged violations of his community supervision, and the State introduced into evidence
appellant's signed written plea of true and stipulation of evidence. An order revoking
probation shall be affirmed if one sufficient ground for revocation supports the order. 
Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). 

 We have also made an independent examination of the record to determine whether
there are any arguable grounds which might support the appeal. See Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding none, we agree with counsel that the
appeal is without merit and is therefore frivolous. Currie v. State, 516 S.W.2d 684
(Tex.Crim.App. 1974). 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish. 



ceholder Text"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0145-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 NOVEMBER 16, 2010



 

 



 

 

JOSE ANGEL RODRIGUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 

 



 

 FROM THE 121ST DISTRICT
COURT OF YOAKUM COUNTY;

 

NO. 2626; HONORABLE KELLY G. MOORE, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Jose
Angel Rodriguez, was convicted by a jury of evading arrest or detention[1] and sentenced to eighteen
months confinement in the State Jail Division of the Texas Department of
Criminal Justice.  The trial court
subsequently suspended his sentence in favor of community supervision for five
years.  On appeal, Appellant asserts the
trial court:  (1) erred when it excluded
testimony of a hearsay statement favorable to the defense; (2) violated his due
process rights under the Fifth and Fourteenth Amendments of the United States
Constitution by excluding the hearsay evidence; (3) violated his right to a fair
trial, compulsory service, and effective assistance of counsel by excluding the
hearsay evidence; and (4) to the extent his constitutional claims regarding
exclusion of the hearsay evidence were not properly preserved before the trial
court, his trial counsel provided ineffective assistance.  We affirm. 


Background

            On October 26, 2007, the Yoakum
County Grand Jury returned an indictment alleging that, on or about August 11,
2007, Appellant, while using a vehicle, intentionally fled from Ryan Taylor a
person he knew was a peace officer who was attempting to lawfully arrest or
detain Appellant.

            At trial, Officer Ryan Taylor, an
officer with the Denver City Police Department, testified that, on August 11,
2007 at 2:24 a.m., he was on patrol when he received a dispatch reporting an
idling car parked in front of a house with its lights on and no one present.  After verifying the circumstances underlying
the call, Officer Taylor patrolled the vicinity looking for pedestrians.  Later, at 2:50 a.m., he observed the same car
driving in the area.  He checked the
license plate and identified the car as belonging to Appellant.  He also learned Appellant's driver's license
was suspended.  

            He followed the car to a convenience
store and observed Appellant exiting from the driver's
side wearing a white t-shirt and another person, later identified as Eric
Mendoza, exiting from the passenger side wearing a brown shirt.  He next observed Appellant leave the store
and enter the car on the driver's side.  Mendoza entered on the passenger side.  Appellant then drove away down the alley
behind the store and Officer Taylor temporarily lost sight of the vehicle.  When he observed Appellant's car make a
u-turn north of the convenience store, Officer Taylor activated his overhead lights.  The car stopped, then accelerated, ran a stop
sign, and exceeded the speed limit before being stopped a second time when Deputy
Noe Valdez of the Yoakum County Sheriff's Office pulled in front of the
car.  Officer Taylor pulled in behind the
car.  

            Officer Taylor testified that, from
the moment he first activated his overhead lights, he never lost sight of
Appellant's car.  When the car was
stopped, Appellant was sitting in the right passenger seat with the seat fully
reclined and Mendoza was sitting on the left side of the backseat.  The two men were wearing the same clothes
they wore when exiting the convenience store. 
Taylor testified that, when he asked Appellant who was driving the car
when it was pulled over, Appellant stated Mendoza was driving.  However, based on his earlier observation of
Appellant entering the driver's side of the vehicle, it was his opinion that Appellant
was driving when he first attempted to stop the vehicle. 

            Deputy Valdez testified that, after
stopping Appellant's car, he exited his cruiser and approached the car.  When he approached the car, "[he]
observed [Appellant] jump from the driver's seat onto the front passenger
seat" and "[Mendoza] jumped to the left rear of the vehicle behind
the seat."  

            In defense, Appellant called his great-grandmother,[2] Juanita Rodriguez, to
testify about a telephone conversation she had with Mendoza two months earlier.  Before she could testify concerning Mendoza's
statements, the State objected to the testimony as hearsay.  In response to the State's objection,
Appellant contended the statement was admissible as a statement against
interest.[3]  Outside the presence of the jury, Rodriguez
testified that she had a telephone conversation with Mendoza, who had called to
speak to Jose.  Rodriguez stated:
"He [Mendoza] told me that he was driving. 
My son was asleep beside him, but he got scared and jumped to the back
when he was stopped."  Ultimately
the trial court found that there was insufficient corroborating circumstances
to clearly indicate the trustworthiness of the statement and denied its
admission. 

            Appellant subsequently testified
that, at the time of the traffic stop, he had been sleeping in the seat on the
passenger side---"passed out for the past two hours."  He stated that, when his car was stopped by
Officer Valdez, Mendoza put the car in park and jumped from the driver's seat
to the backseat.  On cross-examination,
Appellant could not explain why Officer Taylor observed the car empty less than
two hours earlier at 2:24 a.m., or Officer Taylor's testimony that Appellant
later exited and entered the driver's side of the car at a convenience store,
except to say he "[couldn't] recall being there at Allsups."

            Thereafter, Appellant was convicted
by the jury of evading arrest or detention and sentenced to eighteen months
confinement.  The trial court suspended
his sentence in favor of community supervision for five years.  This appeal followed.

Discussion

            All four of
Appellant's issues center on whether the trial court erred in excluding
Mendoza's hearsay statement.[4]  Appellant asserts the trial court should have
admitted the testimony as a statement against the declarant's penal interest
under Rule 803(24) of the Texas Rules of Evidence.[5]  Appellant further asserts the trial court erred
in its finding that the circumstances surrounding Mendoza's statement did not
clearly indicate its trustworthiness.  

            I.          Standard of Review

            We review a
trial court's decision to admit or exclude a hearsay statement offered under
Rule 803(24) for an abuse of discretion. 
Bingham v. State,
987 S.W.2d 54, 57 (Tex.Crim.App. 1999). 
A trial court does not abuse its discretion if its evidentiary ruling lies
within the "zone of reasonable disagreement," and is correct under
any legal theory applicable to the case. 
Winegarner v. State, 235
S.W.3d 787, 790 (Tex.Crim.App. 2007); Gongora
v. State, 214 S.W.3d 58, 64 (Tex.App.--Fort Worth 2006, pet. ref'd).  "[B]ecause the trial court is usually in
the best position to decide whether evidence should be admitted or excluded, we
must uphold its ruling unless its determination was so clearly wrong as to lie
outside the zone with which reasonable persons might disagree."  Kacz v. State, 287 S.W.3d 497, 502 (Tex.App.--Houston [14th Dist.]
2009, no pet.) (citing Winegardner, 235 S.W.3d at 790).

            II.         Rule 803(24)

            "In order
for a declaration against interest to be admissible under Rule 803(24), the
statement must be self-inculpatory with corroborating circumstances to indicate
the trustworthiness of the statement." 
Woods v. State, 152 S.W.3d
105, 112 (Tex.Crim.App. 2004), cert.
denied, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005).  The party seeking admission of the statement
has the burden or producing corroborative evidence sufficient to clearly establish the trustworthiness of
the statement.  Cofield v. State, 891 S.W.2d 952, 955
(Tex.Crim.App. 1994).  

            Rule 803(24) sets out a two-step
foundation requirement for admissibility. 
Walter v. State,
267 S.W.3d 883, 890 (Tex.Crim.App. 2008).  First, the trial court must determine whether
the statement in question tends to expose the declarant to criminal liability
and "whether the declarant realized this when he made [the]
statement."  Id. at 890-91.  Second, the trial court must determine
whether corroborating circumstances exist that clearly indicate the
trustworthiness of the statement.  Id. at 891; Bingham, 987 S.W.2d at 57.

            We begin with the question of
whether Mendoza's statement exposed him to criminal liability.  For this exception to apply, his statement must
be against his own penal interest.  See Guidry v. State, 9 S.W.3d 133, 149
(Tex.Crim.App. 1999), cert. denied, 531
U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000). 
A person commits the offense of evading arrest or
detention if he intentionally flees from a person he knows is a police officer
attempting to lawfully arrest or detain him.  Tex. Penal Code Ann. §
38.04 (Vernon 2003); Hazkell v. State,
616 S.W.2d 204, 205 (Tex.Crim.App. 1981).  Here, Mendoza admitted to driving a car that
first pulled over in response to Officer Taylor's overhead lights, then drove
off, committed several traffic violations, and subsequently stopped a second
time when the road was blocked by Deputy Valdez's cruiser.  Accordingly, we find Mendoza's hearsay statement
sufficiently exposed him to criminal liability. 
From this record, however, we are unable to definitively say whether or
not Mendoza realized this when he made the statement.  For purposes of our further analysis, we will
assume that he did.  

            Under
the second step, while there is no definitive test to determine whether
sufficient corroborating circumstances exist; Davis v. State, 872 S.W.2d 743, 749 (Tex.Crim.App. 1994), the focus
of the inquiry is "on verifying to the greatest possible extent the
trustworthiness of the statement so as to avoid the admissibility of a
fabrication."  Cofield, 891 S.W.2d at 955.  That said, the Court
of Criminal Appeals has identified a number of factors that are relevant to
this inquiry:

(1) whether the guilt of the declarant is
inconsistent with the guilt of the defendant; (2) whether the declarant was so
situated that he might have committed the crime; (3) the timing of the
declaration; (4) the spontaneity of the declaration; (5) the relationship
between the declarant and the party to whom the statement was made; and (6) the
existence of independent corroborative facts.

Woods, 152
S.W.3d at 113 (citing Davis, 872
S.W.2d at 749).

            In gauging the existence of
corroborative circumstances for the purposes of Rule 803(24), we consider
evidence which corroborates the trustworthiness of the statement as well as
evidence which undermines the reliability of the statement.  Davis,
872 S.W.2d at 749. 
See Lester v. State, 120 S.W.3d 897, 901 (Tex.App.--Texarkana 2003, no
pet.).  While we may consider positive
and negative indicia of trustworthiness in reviewing a trial court's decision
to admit or exclude a hearsay statement against penal interest, we must be
"careful not to engage in a weighing of the credibility of the in-court
witness."   Id.

            Mendoza's statement was against his
penal interest and, with Appellant's upcoming trial,
it is not unreasonable to assume he anticipated that his statement would be
disclosed to authorities or the trial court. 
In addition, Mendoza was in a position where he could have committed the
crime and his guilt would have necessarily precluded Appellant's guilt.  Furthermore, Appellant's own trial testimony corroborates
Mendoza's statement.

            On the other hand, Mendoza had no
relationship, familial or otherwise, with Appellant's great-grandmother[6] and his statement lacked
spontaneity because it was purportedly made in response to a query from
Appellant's great-grandmother regarding Mendoza's reluctance to testify at her great-grandson's
upcoming trial.  Furthermore, the trustworthiness
of the statement was directly attacked by Officer Taylor's testimony that he had
seen Appellant exit and enter his car on the driver's side at a convenience
store shortly before the offense occurred. 
In addition, the trustworthiness of the statement was controverted by Deputy
Valdez's testimony that, as he approached the car at the second stop, he
observed Appellant slide over from the driver's seat to the front passenger
seat and Mendoza move from the front passenger seat to the backseat.  Furthermore, that Appellant had been driving
the car was consistent with his ownership interest in the vehicle.  In addition, Appellant's testimony that he
was asleep for two hours immediately prior to the second stop was contradicted
by Officer Taylor's testimony that less than two hours prior to the second
stop, he observed the car empty and later observed Appellant exiting and
entering the driver's side of the car at a convenience store.

            Appellant
relies heavily on Davis, supra, where
the Court of Criminal Appeals found a similar hearsay statement to be
admissible under Rule 803(24).  In Davis, the inculpatory hearsay statement
was made by a son to his mother when his brother was charged with the crime of
delivery of a controlled substance.  872 S.W.2d at 747-48. 
When the declarant exercised his right against self-incrimination, the
defendant sought to offer the hearsay statement through his mother's
testimony.  Here, Mendoza did not
exercise his right against self-incrimination and there is no evidence of a
familial or personal connection between Mendoza and Appellant's great-grandmother.  In addition, in Davis the declarant's guilt was not mutually exclusive of the
defendant's guilt, whereas here it is.   Furthermore,
in Davis, there was direct corroboration
of the hearsay statement by a third party who was not the defendant.  Id. at 749.  All of these factors that weighed in favor of
admitting the hearsay statement in Davis;
id., are not present here. 
Accordingly, we find Davis to
be distinguishable.  

            In light of the trial court's
responsibility to examine the trustworthiness of the statement so as to avoid
the admissibility of a fabrication, and having considered that there were both positive
and negative indicia of trustworthiness surrounding Mendoza's statement to
Appellant's great-grandmother, and having considered the nature and character
of the proffered statement and those conflicting indicia, we cannot say that
the trial court abused its discretion in determining that the corroborating
circumstances did not clearly
indicate the trustworthiness of the statement. 
Therefore, the trial court did not err in excluding the hearsay testimony
because its determination that Mendoza's statement did not qualify as a Rule
803(24) statement against interest was within the zone of reasonable
disagreement.  Appellant's first issue is
overruled.  

            III.        Constitutional Issues

            Having found the trial court did not
abuse its discretion in excluding the hearsay evidence, we need not consider
Appellant's constitutional issues because we have determined there was no error
in the trial court's evidentiary ruling. 
See Ray v. State, 178 S.W.3d
833, 835 (Tex.Crim.App. 2005) (citing Potier
v. State, 68 S.W.3d 657, 665 (Tex.Crim.App. 2002)).  Further, even if the trial court had committed
an evidentiary error, Appellant was still able to put on his defense, i.e.,
Officer Taylor testified there was dispute as to who the driver was at the
scene of the second stop and Appellant testified he was not the driver.  The testimony of Appellant's great-grandmother
regarding Mendoza's hearsay statement merely corroborated Appellant's
testimony.  "Thus, [A]ppellant was
able to present his version of the events to the jury albeit not to the extent
and in the form he desired."  Williams v. State, 273
S.W.3d 200, 233 (Tex.Crim.App. 2008). 
Appellant's second, third, and fourth issues are also overruled. 

Conclusion

            The trial
courts judgment is affirmed.   

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do
not publish.   

 











[1]See Tex. Penal Code Ann. § 38.04 (Vernon
2003).  





[2]The
record is conflicting as to whether Juanita Rodriguez was Appellant's mother,
grandmother, or great-grandmother.  That
conflict is, however, irrelevant to our analysis of Appellant's issues.





[3]The
"statement against interest" exception to the general hearsay rule states,
in pertinent part, as follows: 

The following are not excluded by
the hearsay rule, even though the declarant is available as a witness:

A statement which was at the time
of its making so far contrary to the declarant's . . . interest, or so far
tended to subject the declarant to civil or criminal liability . . . that a
reasonable person in the declarant's position would not have made the statement
unless believing it was true.  In
criminal cases, a statement tending to expose the declarant to criminal
liability is not admissible unless corroborating circumstances clearly indicate
the trustworthiness of the statement.

Tex. R. Evid. 803(24).  





[4]Neither
party disputes that Mendoza's statement was hearsay.  Clearly, it was an out-of-court statement
offered by Appellant "to prove the truth of the matter asserted,"
i.e., that Mendoza committed the crime, not Appellant.  





[5]Future
citation to the Texas Rules of Evidence throughout the remainder of this
opinion will be made simply as "Rule ____." 





[6]Statements
to friends, loved ones, family members, and long-time confidants normally do
not raise the same trustworthiness concerns as those made to third
parties.  Walter, 267 S.W.3d at 898.