NUMBER 13-05-00648-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MARK JOHNSON, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Chief Justice Valdez


 

 A jury found appellant, Mark Johnson, guilty of evading arrest causing death and
assessed punishment at 75 years in prison. See Tex. Pen. Code Ann. § 38.04 (b)(3)
(Vernon 2003). In two issues, appellant contends: (1) that the trial court abused its
discretion in denying his motion for mistrial and, (2) that the evidence is factually
insufficient to support his conviction. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to explain the Court's decision and the basic
reasons for it. See Tex. R. App. P. 47.4.

I. Motion for Mistrial 


 In his first point of error, appellant contends that the trial court erred in overruling
his motion for mistrial based on a police officer's testimony regarding extraneous-offense
evidence. We review the trial court's denial of appellant's motion for mistrial under an
abuse of discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 

 At trial, Officer Gary Williams was called as a witness for the State. During his
testimony, the State asked Officer Williams to describe the initial stop of appellant's vehicle
that was recorded on a videotape and introduced into evidence. As he was recounting the
events as depicted on the videotape, the following exchange occurred:

 Q. (By the State) And are you still waiting on the report back from dispatch?

 A. (Williams) Either real quick or they're just about to tell me that the defendant had
two active robbery warrants from Round Rock in San Antonio, Texas being a - 

 Q. Finish up and I'll ask - 

 A. - being a robbery warrant that's going to be a felony. 

 (Defense Counsel): Your Honor, I'm going to object. 

The trial court then immediately excused the jury and addressed appellant's objection to
the testimony. During the discussion with the trial court, defense counsel commented on
the prejudicial nature of Officer William's testimony and his intent to move for mistrial. (1) The
trial court chose to carry the motion for mistrial; but nonetheless, granted appellant's
request for an instruction. (2) At the end of the State's evidence, the trial court denied
appellant's motion for mistrial. 

 It is well settled that testimony referring to or implying extraneous offenses can be
rendered harmless by an instruction to disregard by the trial court, unless it appears that
the statement was so clearly calculated to inflame the minds of the jury and is of such
damaging character as to suggest the impossibility of removing the harmful impression
from the jury's mind. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). 
Except in extreme cases, an improper response is cured if a timely objection to the remark
is sustained and the trial court instructs the jury to disregard. Alanis v State, 891 S.W.2d
737, 742 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). 

 Although improper, Officer Williams' testimony was not an extreme case, incapable
of cure by an instruction to disregard. See Harris v. State, 790 S.W.2d 568, 584 (Tex.
Crim. App. 1989) (holding that instruction to disregard cured error regarding extraneous
robbery); Alanis, 891 S.W.2d at 742 (holding that prompt instruction to disregard cured
reference to appellant's outstanding arrest warrant); Long v. State, 820 S.W.2d 888, 894
(Tex. App.-Houston [1st Dist.] 1991, pet. ref'd) (holding that reference to another murder
was not so extreme that an instruction to disregard could not cure). Nothing in the record
suggests that the prosecutor or the witness intended to inflame the minds of the jurors; nor
was there anything to suggest that the brief reference to an extraneous robbery was of
such damaging character that it would be impossible to remove the harmful impression,
if any, left on the juror's minds. See Kemp, 846 S.W.2d at 308. Moreover, if a trial court
instructs a jury to disregard, then we presume that the jury followed the trial court's
instruction. Colburn v. State,966 S.W.2d 511, 520 (Tex. Crim. App. 1998); Waldo v. State,
746 S.W.2d 750, 752-54 (Tex. Crim. App. 1988). 

 Even assuming that the trial court committed error, any such error is harmless due
to the strong evidence establishing appellant's guilt. Westbrook v. State, 29 S.W.3d 103,
119 (Tex. Crim. App. 2000); Harris, 790 S.W.2d at 587 (presence of overwhelming
evidence supporting finding in question can be a factor in the evaluation of harmless error);
See Tex. R. App. P. 44.2. The evidence presented by the State included a videotape
showing appellant lead the police in a vehicular chase that ultimately ended with appellant
smashing his Chevy Tahoe into a Toyota Echo, killing an eleven-year-old child. The jury
also heard testimony from other Nueces County police officers who identified appellant as
the person who initially fled from Officer Williams, and as the person who crashed his
vehicle. Appellant did not call any witnesses or present any contradictory evidence. 
Because of the overwhelming evidence establishing appellant's guilt, inadmissible evidence
of extraneous offenses cannot be said to have harmed appellant. Westbrook, 29 S.W.3d
at 119, Harris, 790 S.W.2d at 588.

 We overrule appellant's first point of error. 

II. Factual Sufficiency 

 In his second point of error, appellant asserts that the evidence is factually
insufficient to sustain his conviction. Specifically, appellant contends that because he was
unaware of his felony warrant for his arrest he cannot be held accountable for evading. In a factual sufficiency review, we view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is so weak that the jury's verdict is
clearly wrong and manifestly unjust or whether the great weight and preponderance of the
evidence is contrary to the verdict. Watson v. State, 204 S.W.3d 404, 414 -17 (Tex. Crim.
App. 2006); see also Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 

 Section 38.04 of the Texas Penal code provides that a person commits the offense
of evading if he intentionally flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him. See Tex. Pen. Code Ann. § 38.04(a) (Vernon 2003). 
Subsection (b)(3) of 38.04 elevates the offense to a second degree felony if another
suffers death as a direct result of an attempt by the officer from whom the actor is fleeing
to apprehend the actor while the actor is in flight. See id. § 38.04(b)(3). The only attack
appellant makes on the sufficiency of the evidence is the following: "if appellant is unaware
of a felony warrant for his arrest how can he be held accountable for evading?" Among
the elements of the offense of evading arrest is that the accused must know that the
person from whom he flees is a peace officer attempting to arrest or detain him. See
Jackson v. State, 718 S.W.2d 724, 726 (Tex. Crim. App. 1986). It is not required that the
State prove that the defendant had knowledge of the legal basis for the attempted
detention or arrest. Hazkell v. State, 616 S.W.2d 204, 205 (Tex. Crim. App. 1981). Thus,
appellant's interpretation of section 38.04 as requiring the State to prove that appellant was
aware of the felony warrant is clearly incorrect. 

 We hold that the State introduced sufficient evidence that appellant fled from the
police. Officer Williams testified that after he found out that appellant had outstanding
felony warrants, he drew his weapon, and yelled at appellant to put his hands up. 
Appellant then took off in his vehicle and ran several stop signs at a high rate of speed. 
Further, the videotape of the pursuit shows Officer Williams, with his lights on, following
appellant for a good distance before appellant collided with another vehicle. "After
reviewing all of the evidence in a neutral light, we cannot conclude the great weight and
preponderance of the evidence contradicts the jury's verdict." See Watson, 204 S.W.3d
at 417. A rational juror could have concluded beyond a reasonable doubt that appellant
fled from police. Indeed, defense counsel indicated as much, stating in his closing
argument:

 "On the evading arrest I cannot say he didn't do that. What do you have? 
You have - you don't even have to get into the chase. The moment he
leaves the bus station we're dead, we're cooked, its all over, and I am not
going to argue you should set him free on that because, I'm sorry, I cannot. 
It's on tape."


"Because the jury was rationally justified in finding guilt beyond a reasonable doubt, we
conclude the evidence is factually sufficient to support appellant's conviction." See id. 
Appellant's second point of error is overruled. 

III. CONCLUSION

 Having overruled appellant's issues on appeal, we affirm the judgment of the
district court.


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 5th day of April, 2007.
1. We note that a specific motion for mistrial was never made; however, our review of the record
indicates that defense counsel sufficiently apprised the trial court and the State prosecutor of the nature of
his complaint. Thus, we hold appellant sufficiently preserved error. See Ex parte Little, 887 S.W.2d 62, 65
(Tex. Crim. App. 1994). 
2. The instruction to the jury consisted of the following: "Folks, the court is about to give you an
instruction, what has been injected into this trial is regarding the felony warrant robbery. This court will
instruct you, you are to disregard the fact that possibly another crime had been committed. Things don't
happen in a vacuum, I understand, but you are instructed to disregard that comment." An instruction to
disregard will be presumed effective unless the facts of the case suggests the impossibility of removing the
impression produced on the minds of the jury. The effectiveness of a curative instruction is determined on
a case-by-case basis. See Veteto v. State, 8 S.W.3d 805, 811 (Tex. App.-Waco 2000, pet. ref'd); Flletcher
v. State, 852 S.W.2d 271, 275 (Tex. App.-Dallas 1993, pet. ref'd). Given the record before us, the instruction
that was given appears adequate. See Kimball v. State, 24 S.W.3d 555, 562 (Tex. App.-Waco 2000, no
pet.)(improper question unlikely affected jury's deliberations where, among other factors, totality of evidence
supported conviction.).