IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00214-CV

 

In the
Matter of E.L.L., a Juvenile,

                                                                                    

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 07-J-5007 
04-J-5010

 



MEMORANDUM  Opinion



 

Appealing a probation modification order that
assigned him to the Texas Youth Commission (TYC) for an indeterminate sentence,
E.L.L. contends in two issues that the trial court abused its discretion by overruling
his motion for continuance and that sufficient evidence does not exist to show
that he evaded arrest or detention.  We will affirm the disposition order.








Factual and Procedural Background

E.L.L. was on juvenile probation as a result of an
indecency offense.  On January 20, 2007, Robert Burross, a police officer with
the City of Palmer, responded to a radio dispatch regarding a domestic
disturbance.  When Burross, who was in a marked patrol car and wearing a police
uniform, arrived at the residence, J.L., E.L.L.’s brother, and his mother were
standing outside.  J.L. informed Burross that E.L.L. had hit him.  His mother
agreed with J.L.’s statement and they both told Burross they wanted to file
charges against E.L.L.

Burross, J.L., and his mother all entered the
house, and Burross told E.L.L. “to go put some [clothes] on because he was
going to be coming with me.”  Burross left the room to make a cell phone call,
and he was informed that E.L.L. had run out the back door.  When Burross got to
the back door, he saw E.L.L. running away.  E.L.L. had run halfway across the
field behind their house and was heading towards another neighborhood.  Burross
yelled for him to come back, but E.L.L. kept running.  Burross went looking for
E.L.L., and as we he was heading back toward the residence, he saw E.L.L.
walking toward his car with his hands up.  Burross then handcuffed him and put
him in the police car.

Prior to this incident, the same trial court had found
that E.L.L. committed the offense of indecency with a child and had placed him on
probation for twenty-four months.  The court later modified the probation order
by ordering E.L.L. to a boot camp program and extending his probationary term. 
After the incident with J.L., E.L.L. was charged with the offenses of assault
causing bodily injury and evading arrest or detention.  E.L.L. entered pleas of
not true to both counts, and a jury found the allegation of assault not true
and the evading arrest or detention allegation true.  The trial court held a
hearing on the State’s petition to modify and ordered E.L.L to TYC for an
indeterminate sentence.

 

 

Evading Arrest 

In his first issue, E.L.L. challenges the
sufficiency of the evidence proving that he evaded arrest.

Standard
of Review 

Although juvenile proceedings are considered to be
civil in nature, an adjudication of delinquent conduct requires proof beyond a
reasonable doubt.  Tex. Fam. Code Ann.
§ 54.03(f) (Vernon 1998); R.X.F. v. State, 921 S.W.2d 888, 899 (Tex.
App.—Waco 1996, no writ).  Therefore, when reviewing the legal sufficiency of
the evidence for a juvenile adjudication, we must apply the criminal standard
of review because the State bears the same burden of proof as it does in
criminal cases.  See R.X.F., 921 S.W.2d at 899.  When challenging the
legal sufficiency of the evidence to establish the elements of a penal offense
that forms the basis of the finding that a juvenile engaged in delinquent
conduct, we must determine whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

We do not resolve any conflict of fact or assign
credibility to the witnesses, as this was the function of the trier of the
fact.  See Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  Instead, our duty is to determine
if both the explicit and implicit findings of the trier of fact are rational by
viewing all of the evidence admitted at trial in a light most favorable to the
verdict.  Adelman, 828 S.W.2d at 422.  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

The factual sufficiency of a juvenile adjudication
is reviewed using the criminal standard of review.  In re J.D.P., 85
S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.).  In a factual insufficiency
review, we ask whether a neutral review of all the evidence, though legally
sufficient, demonstrates either that the proof of guilt is so weak or that
conflicting evidence is so strong as to render the factfinder's verdict clearly
wrong and manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006).

A person commits the offense of evading arrest or detention if he
intentionally flees from a person whom he knows is a peace officer attempting
lawfully to arrest or detain him.  Tex.
Pen. Code Ann. § 38.04(a) (Vernon 2003); Hazkell v. State, 616
S.W.2d 204, 205 (Tex. Crim. App. 1981).  The offense of evading detention
consists of the following elements: (1) a person (2) intentionally flees (3)
from a peace officer (4) with knowledge he is a peace officer (5) who is
attempting to detain the defendant and (6) the attempted detention is lawful.  Tex. Pen. Code Ann. § 38.04(a); see
also Jackson v. State, 718 S.W.2d 724, 726 (Tex. Crim. App. 1986); Rodriguez
v. State, 578 S.W.2d 419, 419 (Tex. Crim. App. 1979).

E.L.L. argues that the evidence is insufficient to
prove that he evaded arrest because he was never informed that the officer was
trying to arrest him.  The State argues that it was not required to prove that
E.L.L had been informed that he was under arrest.  It argues that it was
sufficient to prove that E.L.L. knew that Burross was attempting to detain him.

Burross testified that he was dispatched to
E.L.L.’s residence based on a domestic disturbance complaint made by J.L. and
their mother.  J.L. indicated that E.L.L. had hit him and that he wanted to
press charges.  Burross asked J.L. and his mother to fill out the appropriate
paperwork and went inside the house to detain E.L.L.  When he noticed that
E.L.L. only had pajama bottoms on, Burross told E.L.L. to go and put on some
clothes because he was going to go with him.  E.L.L.’s mother also reiterated
that E.L.L. needed to put on some clothes, and E.L.L. then went to his room to change. 
Burross then stepped outside the home to make a call to Juvenile Probation
Services to see if he could bring E.L.L. in.  His call was interrupted when he
was informed that E.L.L. had run out of the house.  Burross ran through the
house and out the back door, and he saw E.L.L. running very fast towards the
adjacent neighborhood.  He yelled for E.L.L. to come back, but E.L.L. kept
running.  Burross then got in his police car, turned on his flashing lights,
and began searching for E.L.L.  He also requested help from another officer to
search for E.L.L.  After Burross located E.L.L., E.L.L. surrendered and told
Burross that he should not have run away.

Viewing the evidence in the light most favorable
to the juvenile
court's judgment, we conclude that the evidence supports the finding that
E.L.L. intentionally fled from a person he knew was a peace officer who was
attempting to lawfully detain him.  See Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007).  Viewing the evidence neutrally, we hold that
the evidence is factually sufficient to sustain the finding that E.L.L. was
guilty of evading arrest. 
See In re B. J. J., No.
03-07-00633-CV, 2008 Tex. App. Lexis
5212 (Tex. App.—Austin July 9, 2008, no pet. h.) (mem. op.).  Thus, the evidence is both legally and factually sufficient
for the trial court to have found the allegations of evading detention to be
true.  We overrule the first issue.

Motion for Continuance 

In his next issue, E.L.L. contends the trial court
erred in denying his motion for continuance to obtain a new psychological
evaluation.  The decision to grant or deny a motion for
continuance is within the trial court's sound discretion.  See Tex. R. Civ. P. 251.  The trial court's
action in denying a continuance will not be disturbed unless the record
discloses a clear abuse of discretion.  State v. Wood Oil Distrib. Inc.,
751 S.W.2d 863, 865 (Tex. 1988).

A motion for continuance shall not be granted
except for sufficient cause supported by an affidavit, consent of the parties,
or by operation of law.  Tex. R. Civ. P.
251.  If a motion for continuance is not made in writing and verified,
it will be presumed that the trial court did not abuse its discretion in
denying the motion. Ohlhausen v. Thompson, 704 S.W.2d 434, 436 (Tex.
App.—Houston [14th Dist.] 1986, no writ).  E.L.L.’s motion for continuance was
not verified or supported by an affidavit.  Because E.L.L. did not comply with Rule
251, the trial court did not abuse its discretion in denying the motion.  See
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).  Thus, we overrule
E.L.L.'s second issue.

 

 

CONCLUSION

Having overruled both of E.L.L.’s issues, we
affirm the disposition of the trial court.

 

 

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed

Opinion delivered and
filed August 27, 2008

[CV06]