NO. 07-09-0145-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2010

_____

JOSE ANGEL RODRIGUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2626; HONORABLE KELLY G. MOORE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jose Angel Rodriguez, was convicted by a jury of evading arrest or detention[1] and sentenced to eighteen months confinement in the State Jail Division of the Texas Department of Criminal Justice. The trial court subsequently suspended his sentence in favor of community supervision for five years. On appeal, Appellant asserts

---

[1] *See* Tex. Penal Code Ann. § 38.04 (Vernon 2003).

the trial court: (1) erred when it excluded testimony of a hearsay statement favorable to the defense; (2) violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution by excluding the hearsay evidence; (3) violated his right to a fair trial, compulsory service, and effective assistance of counsel by excluding the hearsay evidence; and (4) to the extent his constitutional claims regarding exclusion of the hearsay evidence were not properly preserved before the trial court, his trial counsel provided ineffective assistance. We affirm.

## Background

On October 26, 2007, the Yoakum County Grand Jury returned an indictment alleging that, on or about August 11, 2007, Appellant, while using a vehicle, intentionally fled from Ryan Taylor a person he knew was a peace officer who was attempting to lawfully arrest or detain Appellant.

At trial, Officer Ryan Taylor, an officer with the Denver City Police Department, testified that, on August 11, 2007 at 2:24 a.m., he was on patrol when he received a dispatch reporting an idling car parked in front of a house with its lights on and no one present. After verifying the circumstances underlying the call, Officer Taylor patrolled the vicinity looking for pedestrians. Later, at 2:50 a.m., he observed the same car driving in the area. He checked the license plate and identified the car as belonging to Appellant. He also learned Appellant's driver's license was suspended.

He followed the car to a convenience store and observed Appellant exiting from the driver's side wearing a white t-shirt and another person, later identified as Eric Mendoza, exiting from the passenger side wearing a brown shirt. He next observed

2

Appellant leave the store and enter the car on the driver's side. Mendoza entered on the passenger side. Appellant then drove away down the alley behind the store and Officer Taylor temporarily lost sight of the vehicle. When he observed Appellant's car make a u-turn north of the convenience store, Officer Taylor activated his overhead lights. The car stopped, then accelerated, ran a stop sign, and exceeded the speed limit before being stopped a second time when Deputy Noe Valdez of the Yoakum County Sheriff's Office pulled in front of the car. Officer Taylor pulled in behind the car.

Officer Taylor testified that, from the moment he first activated his overhead lights, he never lost sight of Appellant's car. When the car was stopped, Appellant was sitting in the right passenger seat with the seat fully reclined and Mendoza was sitting on the left side of the backseat. The two men were wearing the same clothes they wore when exiting the convenience store. Taylor testified that, when he asked Appellant who was driving the car when it was pulled over, Appellant stated Mendoza was driving. However, based on his earlier observation of Appellant entering the driver's side of the vehicle, it was his opinion that Appellant was driving when he first attempted to stop the vehicle.

Deputy Valdez testified that, after stopping Appellant's car, he exited his cruiser and approached the car. When he approached the car, "[he] observed [Appellant] jump from the driver's seat onto the front passenger seat" and "[Mendoza] jumped to the left rear of the vehicle behind the seat."

3

In defense, Appellant called his great-grandmother,[2] Juanita Rodriguez, to testify about a telephone conversation she had with Mendoza two months earlier. Before she could testify concerning Mendoza's statements, the State objected to the testimony as hearsay. In response to the State's objection, Appellant contended the statement was admissible as a statement against interest.[3] Outside the presence of the jury, Rodriguez testified that she had a telephone conversation with Mendoza, who had called to speak to Jose. Rodriguez stated: "He [Mendoza] told me that he was driving. My son was asleep beside him, but he got scared and jumped to the back when he was stopped." Ultimately the trial court found that there was insufficient corroborating circumstances to clearly indicate the trustworthiness of the statement and denied its admission.

Appellant subsequently testified that, at the time of the traffic stop, he had been sleeping in the seat on the passenger side---"passed out for the past two hours." He stated that, when his car was stopped by Officer Valdez, Mendoza put the car in park

---

[2]The record is conflicting as to whether Juanita Rodriguez was Appellant's mother, grandmother, or great-grandmother. That conflict is, however, irrelevant to our analysis of Appellant's issues.

[3]The "statement against interest" exception to the general hearsay rule states, in pertinent part, as follows:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> A statement which was at the time of its making so far contrary to the declarant's . . . interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it was true. In criminal cases, a statement tending to expose the declarant to criminal liability is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Tex. R. Evid. 803(24).

4

and jumped from the driver's seat to the backseat. On cross-examination, Appellant could not explain why Officer Taylor observed the car empty less than two hours earlier at 2:24 a.m., or Officer Taylor's testimony that Appellant later exited and entered the driver's side of the car at a convenience store, except to say he "[couldn't] recall being there at Allsups."

Thereafter, Appellant was convicted by the jury of evading arrest or detention and sentenced to eighteen months confinement. The trial court suspended his sentence in favor of community supervision for five years. This appeal followed.

## Discussion

All four of Appellant's issues center on whether the trial court erred in excluding Mendoza's hearsay statement.[4] Appellant asserts the trial court should have admitted the testimony as a statement against the declarant's penal interest under Rule 803(24) of the Texas Rules of Evidence.[5] Appellant further asserts the trial court erred in its finding that the circumstances surrounding Mendoza's statement did not clearly indicate its trustworthiness.

### I.    Standard of Review

We review a trial court's decision to admit or exclude a hearsay statement offered under Rule 803(24) for an abuse of discretion. *Bingham v. State*, 987 S.W.2d 54, 57

---

[4]Neither party disputes that Mendoza's statement was hearsay. Clearly, it was an out-of-court statement offered by Appellant "to prove the truth of the matter asserted," i.e., that Mendoza committed the crime, not Appellant.

[5]Future citation to the Texas Rules of Evidence throughout the remainder of this opinion will be made simply as "Rule ____."

(Tex.Crim.App. 1999). A trial court does not abuse its discretion if its evidentiary ruling lies within the "zone of reasonable disagreement," and is correct under any legal theory applicable to the case. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex.Crim.App. 2007); *Gongora v. State,* 214 S.W.3d 58, 64 (Tex.App.--Fort Worth 2006, pet. ref'd). "[B]ecause the trial court is usually in the best position to decide whether evidence should be admitted or excluded, we must uphold its ruling unless its determination was so clearly wrong as to lie outside the zone with which reasonable persons might disagree." *Kacz v. State*, 287 S.W.3d 497, 502 (Tex.App.--Houston [14th Dist.] 2009, no pet.) (citing *Winegardner*, 235 S.W.3d at 790).

## II. Rule 803(24)

"In order for a declaration against interest to be admissible under Rule 803(24), the statement must be self-inculpatory with corroborating circumstances to indicate the trustworthiness of the statement." *Woods v. State,* 152 S.W.3d 105, 112 (Tex.Crim.App. 2004), *cert. denied*, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005). The party seeking admission of the statement has the burden or producing corroborative evidence sufficient to *clearly* establish the trustworthiness of the statement. *Cofield v. State,* 891 S.W.2d 952, 955 (Tex.Crim.App. 1994).

Rule 803(24) sets out a two-step foundation requirement for admissibility. *Walter v. State*, 267 S.W.3d 883, 890 (Tex.Crim.App. 2008). First, the trial court must determine whether the statement in question tends to expose the declarant to criminal liability and "whether the declarant realized this when he made [the] statement." *Id.* at 890-91. Second, the trial court must determine whether corroborating circumstances

6

exist that clearly indicate the trustworthiness of the statement. *Id.* at 891; *Bingham*, 987 S.W.2d at 57.

We begin with the question of whether Mendoza's statement exposed him to criminal liability. For this exception to apply, his statement must be against his own penal interest. *See Guidry v. State*, 9 S.W.3d 133, 149 (Tex.Crim.App. 1999), *cert. denied,* 531 U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000). A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a police officer attempting to lawfully arrest or detain him. Tex. Penal Code Ann. § 38.04 (Vernon 2003); *Hazkell v. State*, 616 S.W.2d 204, 205 (Tex.Crim.App. 1981). Here, Mendoza admitted to driving a car that first pulled over in response to Officer Taylor's overhead lights, then drove off, committed several traffic violations, and subsequently stopped a second time when the road was blocked by Deputy Valdez's cruiser. Accordingly, we find Mendoza's hearsay statement sufficiently exposed him to criminal liability. From this record, however, we are unable to definitively say whether or not Mendoza realized this when he made the statement. For purposes of our further analysis, we will assume that he did.

Under the second step, while there is no definitive test to determine whether sufficient corroborating circumstances exist; *Davis v. State*, 872 S.W.2d 743, 749 (Tex.Crim.App. 1994), the focus of the inquiry is "on verifying to the greatest possible extent the trustworthiness of the statement so as to avoid the admissibility of a fabrication." *Cofield*, 891 S.W.2d at 955. That said, the Court of Criminal Appeals has identified a number of factors that are relevant to this inquiry:

7

(1) whether the guilt of the declarant is inconsistent with the guilt of the defendant; (2) whether the declarant was so situated that he might have committed the crime; (3) the timing of the declaration; (4) the spontaneity of the declaration; (5) the relationship between the declarant and the party to whom the statement was made; and (6) the existence of independent corroborative facts.

*Woods*, 152 S.W.3d at 113 (citing *Davis*, 872 S.W.2d at 749).

In gauging the existence of corroborative circumstances for the purposes of Rule 803(24), we consider evidence which corroborates the trustworthiness of the statement as well as evidence which undermines the reliability of the statement. *Davis*, 872 S.W.2d at 749. *See Lester v. State*, 120 S.W.3d 897, 901 (Tex.App.--Texarkana 2003, no pet.). While we may consider positive and negative indicia of trustworthiness in reviewing a trial court's decision to admit or exclude a hearsay statement against penal interest, we must be "careful not to engage in a weighing of the credibility of the in-court witness." *Id.*

Mendoza's statement was against his penal interest and, with Appellant's upcoming trial, it is not unreasonable to assume he anticipated that his statement would be disclosed to authorities or the trial court. In addition, Mendoza was in a position where he could have committed the crime and his guilt would have necessarily precluded Appellant's guilt. Furthermore, Appellant's own trial testimony corroborates Mendoza's statement.

On the other hand, Mendoza had no relationship, familial or otherwise, with Appellant's great-grandmother[6] and his statement lacked spontaneity because it was

---

[6]Statements to friends, loved ones, family members, and long-time confidants normally do not raise the same trustworthiness concerns as those made to third parties. *Walter*, 267 S.W.3d at 898.

8

purportedly made in response to a query from Appellant's great-grandmother regarding Mendoza's reluctance to testify at her great-grandson's upcoming trial. Furthermore, the trustworthiness of the statement was directly attacked by Officer Taylor's testimony that he had seen Appellant exit and enter his car on the driver's side at a convenience store shortly before the offense occurred. In addition, the trustworthiness of the statement was controverted by Deputy Valdez's testimony that, as he approached the car at the second stop, he observed Appellant slide over from the driver's seat to the front passenger seat and Mendoza move from the front passenger seat to the backseat. Furthermore, that Appellant had been driving the car was consistent with his ownership interest in the vehicle. In addition, Appellant's testimony that he was asleep for two hours immediately prior to the second stop was contradicted by Officer Taylor's testimony that less than two hours prior to the second stop, he observed the car empty and later observed Appellant exiting and entering the driver's side of the car at a convenience store.

Appellant relies heavily on *Davis, supra,* where the Court of Criminal Appeals found a similar hearsay statement to be admissible under Rule 803(24). In *Davis*, the inculpatory hearsay statement was made by a son to his mother when his brother was charged with the crime of delivery of a controlled substance. 872 S.W.2d at 747-48. When the declarant exercised his right against self-incrimination, the defendant sought to offer the hearsay statement through his mother's testimony. Here, Mendoza did not exercise his right against self-incrimination and there is no evidence of a familial or personal connection between Mendoza and Appellant's great-grandmother. In addition, in *Davis* the declarant's guilt was not mutually exclusive of the defendant's guilt,

whereas here it is. Furthermore, in *Davis*, there was direct corroboration of the hearsay statement by a third party who was not the defendant. *Id.* at 749. All of these factors that weighed in favor of admitting the hearsay statement in *Davis; id.,* are not present here. Accordingly, we find *Davis* to be distinguishable.

In light of the trial court's responsibility to examine the trustworthiness of the statement so as to avoid the admissibility of a fabrication, and having considered that there were both positive and negative indicia of trustworthiness surrounding Mendoza's statement to Appellant's great-grandmother, and having considered the nature and character of the proffered statement and those conflicting indicia, we cannot say that the trial court abused its discretion in determining that the corroborating circumstances did not *clearly* indicate the trustworthiness of the statement. Therefore, the trial court did not err in excluding the hearsay testimony because its determination that Mendoza's statement did not qualify as a Rule 803(24) statement against interest was within the zone of reasonable disagreement. Appellant's first issue is overruled.

### III. Constitutional Issues

Having found the trial court did not abuse its discretion in excluding the hearsay evidence, we need not consider Appellant's constitutional issues because we have determined there was no error in the trial court's evidentiary ruling. *See Ray v. State*, 178 S.W.3d 833, 835 (Tex.Crim.App. 2005) (citing *Potier v. State*, 68 S.W.3d 657, 665 (Tex.Crim.App. 2002)). Further, even if the trial court had committed an evidentiary error, Appellant was still able to put on his defense, i.e., Officer Taylor testified there was dispute as to who the driver was at the scene of the second stop and Appellant

10

testified he was not the driver. The testimony of Appellant's great-grandmother regarding Mendoza's hearsay statement merely corroborated Appellant's testimony. "Thus, [A]ppellant was able to present his version of the events to the jury albeit not to the extent and in the form he desired." *Williams v. State*, 273 S.W.3d 200, 233 (Tex.Crim.App. 2008). Appellant's second, third, and fourth issues are also overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.