TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00418-CR







Mark Anthony Loewe, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 64692, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Mark Anthony Loewe guilty of evading arrest in a motor
vehicle. See Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West Supp. 2010). The trial court assessed
punishment, enhanced by two previous felony convictions, at nineteen years' imprisonment. 
Appellant contends that the evidence is factually insufficient to sustain the jury's guilty verdict. We
overrule this contention and affirm the judgment of conviction.

When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether, after viewing all the evidence in the light most
favorable to the verdict, a rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The reviewing court
may impinge on the trier of fact's discretion only to the extent necessary to guarantee the
fundamental protection of due process of law. Id. The Jackson standard is the only standard that
a reviewing court should apply in determining whether the evidence is sufficient to prove the
defendant's guilt beyond a reasonable doubt. Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim.
App. 2010).

In Brooks, the court of criminal appeals overruled all opinions holding that there is
a second, factual sufficiency standard for determining the sufficiency of the evidence. Id. Appellant
urges that Brooks was ineffective to overrule established precedent because it was a plurality
opinion. See Crittenden v. State, 899 S.W.2d 668, 671 (Tex. Crim. App. 1995) (stating that plurality
opinion in Gordon v. State, 801 S.W.2d 899 (Tex. Crim. App. 1990), "could not operate to overrule
established precedent"). (1) But to say that there was no majority opinion in Brooks does not end the
analysis. We must examine the lead and concurring opinions in Brooks to determine if there is a
single rationale explaining the result that enjoys the assent of a majority. See Haynes v. State,
273 S.W.3d 183, 186-87 (Tex. Crim. App. 2008). The narrowest ground on which these five judges
agreed is the holding of the court. Id. at 187.

The lead opinion in Brooks, in which four judges joined, stated that there is no
meaningful distinction between the Jackson legal sufficiency standard and the factual sufficiency
standard first articulated by the court of criminal appeals in Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996), that Clewis and all subsequent factual sufficiency opinions should be
overruled, and that Jackson should be the only standard by which the sufficiency of the evidence is
to be determined in a criminal case. Brooks, 323 S.W.3d at 912. One of the four judges in the lead
opinion, joined by a fifth judge, wrote a concurring opinion stating that Clewis's attempt to
superimpose the civil factual sufficiency standard on top of the criminal legal sufficiency standard
was doomed to failure because the two standards are fundamentally distinct and cannot be
harmonized, that the Jackson standard is constitutionally mandated and must be followed in all
criminal cases, and that the concept of factual sufficiency review in criminal cases should be
"consign[ed] . . . to the dustbin of history." Id. at 926 (Cochran, J., concurring). Thus, a majority
of five judges agreed that Clewis should be overruled and that the sufficiency of the evidence
to support a criminal conviction should be determined solely by the Jackson legal sufficiency
standard.  This was, therefore, the holding of the court. See Wirth v. State, No. PD-1716-09,
2010 Tex. Crim. App. LEXIS 1675, at *2 (Tex. Crim. App. Dec. 15, 2010) (stating that Brooks
overruled Clewis, vacating court of appeals opinion finding evidence factually insufficient, and
remanding for reconsideration pursuant to Brooks).

Appellant asserts that the evidence is factually insufficient to sustain the jury's
verdict. In the interest of justice, we will review the evidence to determine whether it is legally
sufficient under Jackson.

Appellant and his sister, Michelle Perez, got into an argument at her apartment on
the night of February 11, 2009. Also present were Perez's husband, Oscar Perez, and a friend,
Ed Kendricks. Just before midnight, after appellant refused Perez's order to leave and shoved her
against a wall, Perez locked herself in the bathroom and called 911. Meanwhile, Oscar Perez and
Kendricks were able to calm appellant and escort him out of the apartment. When Perez came out
of the bathroom, appellant was gone.

Temple police officer Ken Johnson was dispatched to the scene and arrived within 
two or three minutes of Perez's call. As Johnson was walking through the apartment complex's
parking lot on the way to Perez's apartment, he saw in the parking lot a white male wearing blue
jeans, a white shirt, and a baseball cap. Johnson testified that he did not attempt to detain this man,
but he did call out to ask his name. The man responded, "Johns" or "Johnson."

When Johnson arrived at Perez's apartment, she told him that she had been assaulted
by appellant and that he had just left. She told Johnson that appellant was wearing blue jeans, a
white shirt, and a baseball cap. She also told him that appellant was driving a blue Suburban with
tinted windows. Johnson realized that the man he had seen in the parking lot matched this
description, and he immediately radioed this information to Officer Louis Tolliver, who was also
responding to Perez's call.

Tolliver testified that as he arrived at the apartment complex, he saw a blue Suburban
with temporary plates backing out of a parking space. (2) Tolliver saw no one else in the parking lot,
saw no other vehicles moving, and saw no other blue Suburban. Tolliver, who was in full police
uniform, approached the Suburban and spoke to the driver through the open driver's side window. 
Tolliver testified that the driver identified himself as "Johnson." Tolliver told the man that he was
investigating the report of a disturbance and asked him to park his vehicle until the officer could
"find out what's going on." Instead, the driver put the Suburban in gear and drove away at
high speed.

A third officer, Andrew Meelsbusch, testified that he was also responding to the
disturbance report when he heard Tolliver report that a blue Suburban was fleeing. When
Meelsbusch was two blocks away from the apartment complex, he saw a blue Suburban run a stop
sign and then stop in the middle of the intersection. Meelsbusch activated his emergency lights. The
Suburban "then proceeded in front of me at a high rate of speed, came really close to the front of my
patrol unit and then continued westbound." Meelsbusch said that the Suburban had temporary
plates, and the driver was wearing a white shirt. A brief chase ensued during which the Suburban
reached a speed exceeding one hundred miles per hour. The chase was called off by a supervisor for
safety reasons and because the police had appellant's name and address.

The jury found that appellant intentionally fled from Tolliver, who appellant knew
was a police officer attempting to lawfully detain him. See Tex. Penal Code Ann. § 38.04(a). 
Appellant contends that the evidence is insufficient to prove that appellant was the driver of the blue
Suburban, that the attempted detention of the driver was lawful, or that the driver knew that Tolliver
was attempting to detain him.

Neither Johnson, Tolliver, nor Meelsbusch identified appellant at trial as the man they
saw at the apartment complex or driving the Suburban. In addition, the man Johnson and Tolliver
spoke to at the apartment complex identified himself as "Johnson." On the other hand, the evidence
also shows that appellant left Perez's apartment at about midnight wearing blue jeans and a white
shirt, and that appellant was driving a blue Suburban. Both the suspect and the vehicle seen by the
officers at or near the apartment complex at or about midnight matched this description. No other
person was seen in the parking lot, nor was any other blue Suburban observed by the officers. 
Viewing all the evidence in the light most favorable to the verdict, the jury could rationally find that
appellant had deliberately misidentified himself to the officers, and that he was the man in the
parking lot who drove away in the blue Suburban.

Appellant argues that the attempted detention was unlawful because Tolliver did not
reasonably suspect that the driver of the blue Suburban had been involved in criminal activity. 
Tolliver knew that a domestic disturbance had been reported at Perez's apartment minutes before
he arrived. He also knew that Perez had told Johnson that she had been assaulted by appellant, and
he knew the description of appellant and his vehicle that Perez had provided. Tolliver testified that
the blue Suburban and its driver matched the suspect's description, and that no other person or
vehicle in the parking lot did so. Appellant argues that Perez was not credible and the officers
should have given no weight to the information she provided. He notes that Johnson testified that
Perez did not appear to be injured and that no evidence of a struggle can be heard on the recorded
911 call. We are not persuaded, however, that the officers should have simply ignored Perez's
outcry and made no effort to detain appellant until they could clarify the situation. We conclude that
the specific, articulable facts known to Tolliver, combined with the reasonable inferences they
support, warranted his suspicion that the driver of the Suburban was the suspect in the reported
domestic disturbance. See Crain v. State, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010) (summarizing
basis for investigative detention). The attempted detention was lawful.

Finally, appellant argues that the State failed to prove that he knew that Tolliver was
attempting to detain him. (3) Tolliver testified that he was in full police uniform. Tolliver spoke to
appellant through the open window of the Suburban, told him that there had been a report of a
domestic disturbance, and instructed him to stop and park his vehicle while the officer gathered more
information. The jury could rationally find from this testimony that appellant knew Tolliver was a
police officer attempting to detain him.

The evidence is sufficient to support the finding of guilt beyond a reasonable doubt. 
Appellant's issues are overruled, and the judgment of conviction is affirmed.



 __________________________________________

 Melissa Goodwin, Justice

Before Justices Henson, Rose and Goodwin

Affirmed

Filed: February 2, 2011

Do Not Publish
1. In Gordon, two judges joined the lead opinion announcing the result, four judges concurred in
the result but expressly refused to join that portion of the lead opinion that purported to overrule the
precedent at issue in Crittenden, another judge concurred in the result without opinion, another judge
dissented without opinion, and the remaining judge did not participate. See Gordon v. State,
801 S.W.2d 668, 917 (Tex. Crim. App. 1990).
2. Perez testified that appellant had recently purchased the Suburban. 
3. It was not necessary for the State to prove that appellant knew that the detention was lawful. 
See Hazkell v. State, 616 S.W.2d 204, 205 (Tex. Crim. App. 1981).