Clarence Tedward JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 61995.

Court of Criminal Appeals of Texas, Panel No. 3.

June 23, 1982.

Phil Brown, Lubbock, for appellant.

John T. Montford, Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of evading arrest. See V.T. C.A., Penal Code, Sec. 38.04. The punishment is a fine of one hundred dollars.

The appellant in two grounds of error contends that the evidence is insufficient to support the verdict.

The elements of the offense of evading arrest are: (1) a person (2) intentionally flees (3) from a peace officer (4) with knowledge he is a police officer (5) the peace officer is attempting to arrest the defendant (6) the attempted arrest is lawful. *Alejos v. State*, 555 S.W.2d 444 (Tex. Cr.App.1977); *Rodriguez v. State*, 578 S.W.2d 419 (Tex.Cr.App.1979); *Hazkell v. State*, 616 S.W.2d 204 (Tex.Cr.App.1981).

The appellant argues that the evidence is insufficient "because it fails to prove the element of a 'lawful arrest' beyond a reasonable doubt," and "because it fails to prove beyond a reasonable doubt that the appellant fled from a person he knew to be a police officer attempting to arrest him."

The evidence reflects that in the early morning hours of May 6, 1978, Officers Chaney and Martin were on patrol together. They received a radio call and went to an apartment. They talked to the occupant of the apartment, Mrs. Davis, who said an armed man had broken into her apartment. She showed them the broken window of her rear door. The officers searched the apartment but it was empty. Mrs. Davis gave a description of the man as a tall, black man and "then she gave [them] his name and everything." The officers were returning to their vehicle to continue the search when they spotted a figure running about a block away. The two got into their vehicle and began searching with their spotlights. They were traveling at five to ten miles per hour when Chaney spotted a person lying flat on the ground. When the light hit the person he jumped and ran. Chaney got out of the automobile and chased him. He drew his revolver and ordered the appellant to stop. The appellant did so. The officers were wearing their uniforms and the police vehicle was clearly marked.

We conclude that the officers were attempting to make a lawful arrest; they had sufficient probable cause to arrest appellant. Mrs. Davis not only gave the officers a description of the offender but also gave them his name. The information she gave the officers would alone be sufficient for probable cause to arrest the appellant. However, in addition to this information the officers observed the broken window, saw a figure running and saw the appellant lying on the ground in a vacant lot of a residential area in the early morning hours. There was sufficient probable cause; the attempted arrest was lawful. *Fields v. State*, 544 S.W.2d 153 (Tex.Cr.App.1976) (Opinion on Rehearing). Compare *Rodriguez v. State*, supra.

We also conclude that the evidence is sufficient to establish that the appellant knew that Officers Chaney and Martin were peace officers. Both men were in their uniforms and the car was clearly marked as a Lubbock police vehicle. While it was dark, both officers testified that the lighting created by the spotlights made the identification markings of the vehicle clearly visible. Additionally, the appellant only ran when the light came upon him and expressed no surprise when he was eventually subdued. Appellant apparently argues that the evidence must show that the appellant had knowledge that the peace officers were attempting to arrest him. Although the evidence would support a finding that the appellant knew the officers were attempting to arrest him; this is not an element of the offense. *Hazkell v. State*, supra; *Rodriguez v. State*, supra; *Alejos v. State*, supra. The evidence is sufficient to support the verdict.[1]

The dissent mistakenly says the majority relies on *Hazkell v. State*, supra, as authority to dispose of appellant's contention that the evidence is sufficient in this case. *Hazkell v. State*, supra, is cited because it iterates the elements of the offense stated in *Alejos v. State*, supra; *Rodriguez v. State*, supra. Sufficiency of the evidence, of course, is determined here, as it should be in all cases, by the record in this case. We find the evidence supports the findings of the trier of the facts in the trial court. The dissenter has improperly substituted his findings of fact for those of the trier of the facts in the trial court.

The judgment is affirmed.

**W. C. DAVIS, Judge, concurring.**

Because I believe that there is sufficient evidence that appellant knew the officers were attempting to arrest him, I concur in the affirmance of the judgment.

> "More particularly, appellant contends that it was error to fail to allege the appellant 'knew' the officer was in the process of making a lawful arrest."

This is what prompted the dissent in *Hazkell v. State*, supra.

---

1. Contrary to the statement in footnote 1 of the concurring opinion *Hazkell v. State*, 616 S.W.2d 204 (Tex.Cr.App.1981) does not omit reference to an actor's knowledge of a peace officer's intent to arrest; it says:

▮ I cannot join, however, in holding that such knowledge is not an element of the offense.[1]

The culpability required to make conduct criminal may be with regard to the act itself, to its results, or to the surrounding circumstances. Sec. 6.03, V.T.C.A. Penal Code.[2]

Sec. 38.04, V.T.C.A. Penal Code provides:

"(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

(b) It is an exception to the application of this section that the attempted arrest is unlawful.

(c) An offense under this section is a Class B misdemeanor."

The plain meaning of the language of the statute is that the actor intend his action and be aware of surrounding circumstances including that the person from whom the actor flees is a peace officer attempting to arrest the actor.[3]

TEAGUE, Judge, dissenting.

Because I do not believe there has been a sufficient showing that the appellant violated all of the elements of V.T.C.A. Penal Code, Sec. 38.04, I respectfully dissent.

▮ My reading of the statute leads me to believe that for the prosecution to be successful in prosecuting someone, such as the appellant in this cause, for violating the statute, it is incumbent upon the prosecution to establish and prove the element that when a peace officer is attempting to arrest a defendant, the defendant must have known that the police officer was attempting to arrest him. In *Hazkell v. State*, 616 S.W.2d 204 (Tex.Cr.App.1981), Odom, J., in his dissenting opinion, pointed out: "From the plain language of the statute, it is essential that the defendant knows the peace officer is attempting to arrest him."

The majority of this panel uses *Hazkell* as authority to dispose of appellant's contention that the evidence is insufficient to sustain his conviction. However, my reading of *Hazkell* does not reflect that the Court's panel in that cause was concerned with whether or not the evidence was sufficient to sustain the defendant's conviction, but was only concerned with whether or not the charging instrument stated an offense.

In this cause, when the appellant was told by the police officer to stop, he did just that—he stopped, and surrendered to the arresting officer without struggle or difficulty.

The majority of the panel in this cause places great emphasis upon the use by the police officers of spotlights. However, apparently overlooked by the majority is the testimony of one of the officers, Chaney, who testified during the trial as follows:

Q: Within your observation is there any time when you have been looking at your police car at night when you can't tell it's a police car?

A: Yes, sir.

1. *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App. 1977); *Rodriguez v. State*, 578 S.W.2d 419 (Tex.Cr.App.1979); and *Hazkell v. State*, 616 S.W.2d 204 (Tex.Cr.App.1981) do purport to set out the elements of Sec. 38.04, V.T.C.A. Penal Code, and all omit reference to an actor's knowledge of a peace officer's intent to arrest. In none of these case, however, was the omission of such element the subject of litigation. *Alejos* distinguished the elements of Sec. 38.-04 with those of Art. 6701d, Sec. 186, Tex. Civ.St. to show them not to be in pari materia. The addition of an element of knowledge that arrest was intended would enhance the distinction drawn therein. *Rodriguez* was decided upon the lack of proof that the arrest was lawful. No other element was at bar. *Hazkell* dealt with the sufficiency of a charging instrument that failed to allege the lawfulness of the arrest.

2. For a discussion of a similar question of required knowledge of the surrounding circumstances in the context of alleged unauthorized use of an automobile, see *Musgrave v. State*, 608 S.W.2d 184, 191 (Tex.Cr.App.1980) (concurring opinion on State's Motion for Rehearing).

3. Even the very name of the offense is "Evading *Arrest*" [emphasis added], not evading a peace officer. A separate offense of "fleeing or attempting to elude a police officer" exists as Art. 6701d, Sec. 186, Tex.Civ.St. See *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977).

Q: When is that?

A: When the spotlight is directly in your eyes.

Q: Is that the only time when you have personally been able to observe—I mean every other time except when it is shining in your eyes you have been personally able to observe that it was a police vehicle?

A: Yes, sir.

Martin, the other officer involved in this cause, also testified as follows: "Chaney, I believe, adjusted his spotlight more so that the direct beam would hit the person [the appellant]. At that point the suspect [the appellant] jumped up and ran back to the west towards the back side of the house."

My reading of the transcription of the statement of facts does not reflect a showing that when the spotlight "hit" the appellant that he was not then looking directly in the beam of the light that was then shining on him, prior to when he jumped up and fled. Thus, I find that the emphasis by the majority on the use by the police officers of spotlights is virtually meaningless. Furthermore, it appears to me that if a spotlight is sufficient to blind a person from seeing a marked police vehicle, then it stands to reason that it could also prevent a person from identifying uniformed persons as police officers.

I respectfully dissent.