**Demetria JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0508–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1985.

Peter Justin, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Roe Morris, Harris County Asst. Dist. Atty., Houston, for appellee.

Before JACK SMITH, BASS and LEVY, JJ.

## OPINION

BASS, Justice.

The trial court found appellant guilty of evading arrest and assessed her punishment at a fine of $25 and 10 days in jail, probated for 180 days. Appellant brings a single ground of error on appeal, asserting that the trial court erred in denying her motion to quash the information. We reverse and order dismissal.

The information alleges that appellant did:

intentionally flee from J. Lane, hereafter styled complainant, a peace officer lawfully attempting to arrest the defendant, knowing that the complainant was a peace officer.

Appellant's motion to quash asserts that the information is defective for failure to allege that she was aware an arrest was being attempted by the police officer. We will examine the statute itself. Tex.Penal Code Ann. sec. 38.04 (Vernon 1974) provides:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

(b) It is an exception to the application of this section that the attempted arrest is unlawful.

(c) An offense under this section is a Class B misdemeanor.

The elements of the offense of evading arrest have been enumerated as follows:

(1) a person

(2) intentionally flees

(3) from a peace officer

(4) with knowledge he is a peace officer

(5) the peace officer is attempting to arrest the defendant

(6) the attempted arrest is lawful.

*Johnson v. State,* 634 S.W.2d 695 (Tex. Crim.App.1982); *Hazkell v. State,* 616 S.W.2d 204, 205 (Tex.Crim.App.1981); *Rodriguez v. State,* 578 S.W.2d 419 (Tex.Crim. App.1979); *Alejos v. State,* 555 S.W.2d 444 (Tex.Crim.App.1977).

An information is not fundamentally defective for failure to allege that the defendant knew the officer was attempting to make an arrest. *Hazkell,* 616 S.W.2d at 205. In *Hazkell,* Judge McCormick wrote the opinion for a panel of the Court of Criminal Appeals, holding that a defendant's awareness of the attempted arrest is not an element of the offense of evading arrest, with a dissenting opinion by Judge Odom.

One year later, in *Johnson,* 634 S.W.2d at 696, Judge Dally wrote a panel opinion in which he stated his opinion that the defendant's awareness of the attempted arrest is not an element of the offense of evading arrest. Both the concurring opinion by Judge W.C. Davis and the dissenting opinion by Judge Teague disagreed with Judge Dally's conclusion, with the result that a majority of the judges deciding that case held that a defendant's awareness of the attempted arrest *is* an element of the offense of evading arrest.

We have discovered no other cases on point.

It is an element of the offense of evading arrest that the defendant be aware that the person he is fleeing is a peace officer. *Johnson,* 634 S.W.2d at 696. The gravamen of the offense is the evasion of an *arrest,* not the evasion of a police officer. *See Alejos,* 555 S.W.2d at 449; Tex. Rev.Civ.Stat.Ann. art. 6701d, sec. 186 (Vernon 1977).

Where a defendant files a motion to quash an information based on the failure of the information to allege an essential element of the offense, the trial court commits reversible error by failing to quash the information. *Garcia v. State,* 649 S.W.2d 163 (Tex.App.—Austin 1983, no pet.). In *Garcia,* the information charging evasion of arrest failed to allege that the attempted arrest was lawful. The lawfulness of the arrest is an element of the offense which must be pleaded and proved. *See also Blackmon v. State,* 644 S.W.2d 738 (Tex.Crim.App.1983). The defendant in *Garcia* filed a motion to quash the information on that basis, and the trial court refused his motion. The court of appeals reversed the trial court and ordered the prosecution dismissed because an essential element of the offense had been omitted from the information.

The language in section 38.04 is clear and unambiguous, and there is only one reading consistent with the grammatical structure of the statute: a defendant can be convicted of evading arrest only if he is "aware that the person from whom he is fleeing is a peace officer" *who is* "attempting to arrest him." We conclude that the defendant's knowledge that a police officer is trying to arrest him is an essential element of the offense of evading arrest under the statute.

In the case at bar, appellant pointed out to the trial court that an essential element of the offense of evading arrest was missing from the information. Because the defendant's awareness of the attempted arrest is an essential element of the offense, the state had the obligation to plead such an element. Because the state

failed to plead the element, the trial court should have granted appellant's motion to quash the information. Appellant's ground of error is sustained.

The judgment of the trial court is reversed and the information against her is ordered dismissed.

Published. Tex.R.Crim.App.P. 207.

JACK SMITH, Justice, dissenting.

I respectfully dissent. Tex.Penal Code Ann. sec. 38.04 (Vernon 1974) is susceptible to more than one interpretation, as is shown by the opinions in *Hazkell v. State,* 616 S.W.2d 204 (Tex.Crim.App.1981), and *Johnson v. State,* 634 S.W.2d 695 (Tex. Crim.App.1982). In each of these panel decisions the panel was divided on the question of whether the defendant's awareness of the attempted arrest was an element of the offense of evading arrest. I would hold that it is not an element, like the majority in *Hazkell* and the panel opinion in *Johnson.*

I would hold that the trial court did not err in denying appellant's motion to quash the information, and affirm the conviction.