Demetria JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 0620–85.

Court of Criminal Appeals of Texas, En Banc.

Sept. 24, 1986.

---

Peter Justin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Roe Morris, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Demetria Jackson, hereinafter referred to as the appellant, after a bench trial, was convicted of committing the offense of evading arrest. See V.T.C.A., Penal Code, Section 38.04, which provides that a person commits the offense of evading arrest if he intentionally flees from a person he knows is a peace officer attempting to arrest him. It is an exception to the application of this section if the attempted arrest is unlawful. The trial judge assessed punishment at 10 days' confinement in the Harris County Jail, probated, and a $25 fine.

The appellant challenged the validity of the information on file in this cause

through a motion to quash,[1] asserting therein that the information was fundamentally defective because it "fails to allege an offense against the laws of the state of Texas"; it "fails to state the manner of the lawful arrest of the defendant"; "It does not state what the lawful arrest was for"; and it "does not state that the defendant was aware and knew that an arrest was being attempted."

The Houston First Court of Appeals agreed with the appellant, that the information was subject to her motion to quash, and ordered her conviction reversed and the information dismissed. See *Jackson v. State*, 690 S.W.2d 686 (Tex.App.—Houston [1st] 1985). Finding that the court of appeals correctly decided the issue, we will affirm its judgment.

We granted the State's petition for discretionary review in order to determine whether the offense of evading arrest requires that the charging instrument must allege, inter alia, that the defendant knew that the police officer was attempting to arrest him. See Tex.Cr.App. Rule 302(c)(2). As previously pointed out, the offense of evading arrest occurs if a person intentionally flees from a person he knows is a peace officer attempting to arrest him. If it is an essential element that the accused must know the peace officer is attempting to arrest him, in addition to knowing that that person is a peace officer, then of course, if such element is omitted from the pleading, the offense of evading arrest has not been properly pled.

The information in this cause alleges in pertinent part that the appellant "did then and there unlawfully intentionally flee from J. Lane, hereafter styled the Complainant, a peace officer lawfully attempting to arrest the Defendant, knowing that the Complainant was a peace officer."

The court of appeals agreed with appellant that her "knowledge that a police officer [was] trying to arrest [her] is an

---

1. Because we are not dealing with a notice defect, but are instead dealing with the issue whether the information in this cause actually states the offense of evading arrest, we need not concern ourselves with this Court's recent decisions of *Adams v. State*, 707 S.W.2d 900 (Tex.Cr. App.1986), and *Opdahl v. State*, 705 S.W.2d 697 (Tex.Cr.App.1986).

essential element of the offense of evading arrest under the statute", and ordered her conviction reversed and the information in this cause dismissed.

In *Hazkell v. State*, 616 S.W.2d 204 (Tex. Cr.App.1981), a majority of a panel of this Court in an opinion authored by Judge McCormick ruled that it is not necessary to plead in a charging instrument that alleges the offense of evading arrest that the accused knew that the attempted arrest is lawful, i.e., it is not necessary to plead "that the accused 'knew' he did not come within the exception," which provides: "It is an exception to the application of this section (V.T.C.A., Penal Code, Section 38.-04) that the attempted arrest is unlawful." (205). Judge Odom, who filed a dissenting opinion in *Hazkell*, supra, asserted therein that "it is essential that the defendant knows the peace officer [was] attempting to arrest him [even though it need not be alleged that the accused knew that the attempted arrest was lawful]." (205). It thus appears to us that what the defendant in *Hazkell*, supra, perceived as error actually was not error, for the reasons stated by Judge McCormick. However, it also appears to us that the error that Judge Odom found was actually not the error that the defendant claimed existed. No motion for rehearing was filed in *Hazkell*, supra, so the en banc Court was not given the opportunity to pass on whether Judge Odom was correct in his interpretation of the statute.

*Johnson v. State*, 634 S.W.2d 695 (Tex. Cr.App.1982), another panel majority opinion that was authored by Judge Dally, in which no motion for rehearing was filed, held that the evidence adduced in that cause was sufficient to sustain the defendant's conviction for evading arrest. Judge Dally, implicitly, if not expressly, also held that it is not necessary to allege that the defendant knew that the peace officer was attempting to arrest him. However, the other two members of the panel, Judge W.C. Davis, who filed a concurring opinion, and Judge Teague, who filed a dissenting opinion, would have held that knowledge that the peace officer was attempting to arrest the accused is an element of the offense of evading arrest.

Although we find that all of the opinions filed in *Hazkell* and *Johnson* are extremely helpful to us in resolving the issue that is before us, whether the State must plead in an evading arrest case that the accused had knowledge that the peace officer was attempting to arrest him, given what was actually before the panels to resolve in those cases, they are not exactly on point.

However, we find that what Judge Odom stated in the dissenting opinion that he filed in *Hazkell*, what Judge W.C. Davis stated in the concurring opinion that he filed in *Johnson*, what Judge Teague stated in the dissenting opinion that he filed in *Johnson*, and what Justice Bass, who authored the opinion by the court of appeals in this cause, stated therein, are exactly on point with the issue that we must decide.

Justice Bass correctly pointed out in the opinion that he authored for the court of appeals in this cause that "The gravamen of the offense is the evasion of an arrest, not the evasion of a police officer." 690 S.W.2d at 688. We also find that Justice Bass was correct when he stated the following: "The language in section 38.04 is clear and unambiguous, and there is only one reading consistent with grammatical structure of the statute: a defendant can be convicted of evading arrest only if he is 'aware that the person from whom he is fleeing is a peace officer' *who is 'attempting to arrest him.'* We conclude that the defendant's knowledge that a police officer is trying to arrest him is an essential element of the offense of evading arrest under the statute." (688). We also find that in essence Justice Bass was repeating in a different way what Judges Odom, W.C. Davis, and Teague had previously stated.

We also conclude and hold as the court of appeals did that from the plain language of the statute it is essential that a defendant know the peace officer is attempting to arrest him. This element is missing from the information in this cause. Because it is missing from the information, the informa-

tion is rendered fundamentally defective for failing to allege all of the elements of the offense of evading arrest.

To the extent of any conflict, *Johnson,* supra, is expressly overruled. The panel majority opinion of *Hazkell,* supra, is not overruled; however, it should not be read to mean that an appellate court is prohibited from determining, as unassigned error, whether a charging instrument states an offense.

The judgment of the court of appeals is affirmed.

CLINTON, Judge, concurring.

The reason we granted the petition for discretionary review is that the Houston (1st) Court of Appeals has decided a question of law which has not been, but should be, settled by this Court. Tex.Cr.App. Rule 302(c)(3).

Though its allegations follow the formulation suggested in 3 Branch's Annotated Penal Statutes (3rd Ed.) 117, § 38.04, that the instant information is vulnerable to the exception or motion to quash may be easily discerned from merely reading and understanding the meaning of the statute defining the offense, V.T.C.A. Penal Code, § 38.04(a), *viz:*

> "(a) A person commits an offense if he intentionally flees from a person he *knows* is a peace officer *attempting to arrest him.*" [1]

That definition makes clear that accused must know a peace officer is attempting to arrest him.[2] The information in the instant

cause does not.[3] Compare, however, McCormick & Blackwell, Texas Criminal Forms and Trial Manual § 16.03, 7 Texas Practice 118.

The State's reliance on *Hazkell v. State,* 616 S.W.2d 204 (Tex.Cr.App.1981), is misplaced. While the information there is, as the State says, "identical with the indictment [sic] in the instant cause," the contention there was the charging instrument was *fundamentally defective* for failure to allege that accused knew the peace officer "was in the process of making a *lawful* arrest," *id.,* at 205. Such is not the claimed deficiency here, for appellant asserted in his motion that the information did not allege that he "was aware and knew that an arrest was being attempted" —lawful or not.[4]

Finally, an observation about a matter not raised but pertinent to this discussion. Though the information alleges that appellant did " '*intentionally*' flee from a peace officer lawfully attempting to arrest him ...," as to this offense that alleged culpable mental state does not embrace "with knowledge" that the peace officer was attempting to arrest him. Here the latter fact is one of the "circumstances surrounding his conduct"—existence of which an accused must be aware. V.T.C.A. Penal Code, § 6.02(b). One can not "intend" "circumstances surrounding his conduct." *Lugo-Lugo v. State,* 650 S.W.2d 72, 87 (Tex.Cr.App.1983) (Concurring Opinion).

Accordingly, I join the judgment of the Court.

---

1. All emphasis is mine unless otherwise indicated.

2. The dissent believes the legislature evidenced an intent to omit that requirement by deleting "who he knows is." My own view is that someone over there knows awful bad grammar when he sees it. Taking out that awkward clause merely couples together what a charging instrument alleges an accused knows, namely: "a peace officer attempting to arrest him."

3. Thus not only is Branch's suggested form for charging instrument erroneous, but also its checklist of elements of the offense is misleading in that it fails to relate "with knowledge" that one is a peace officer as well to the fact that

he is attempting to arrest defendant. Similarly, opinions that simply track that checklist are suspect, at least in that regard: e.g., cases cited in *Hazkell v. State,* 616 S.W.2d 204, 206 (Tex.Cr. App.1981). See *Johnson v. State,* 634 S.W.2d 695 (Tex.Cr.App.1982) (W.C. Davis, J., concurring, at 697, n. 1).

4. In his dissent Judge Odom opined the information was fundamentally defective for the same reason appellant Jackson asserted below— "it is essential that the defendant knows the peace officer is attempting to arrest him." *Hazkell,* supra, at 205. Of course, as against an exception or motion to quash, that is what this Court holds today.

McCORMICK, Judge, dissenting.

The majority today puts on its legislative caps and overrules precedent and in contravention of specific legislative intent requires the State to plead an additional element under V.T.C.A., Penal Code, Section 38.04. Specifically, the State will be required to plead that a defendant *knows* that the officer pursuing him is attempting to *arrest* him.

In a line of cases beginning with *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977) (rehearing en banc), this Court listed the elements of evading arrest as:

(1) a person

(2) intentionally flees

(3) from a peace officer

(4) with knowledge he is a peace officer

(5) peace officer is attempting to arrest defendant

(6) the attempted arrest is lawful.

See also, *Johnson v. State*, 634 S.W.2d 695 (Tex.Cr.App.1982); *Hazkell v. State*, 616 S.W.2d 204 (Tex.Cr.App.1981); *Rodriguez v. State*, 578 S.W.2d 419 (Tex.Cr.App.1979).

The appellant in *Hazkell* asserted error for failure to allege in the charging instrument that the defendant knew that the pursuing officer was attempting to make a lawful arrest. *Hazkell v. State*, supra. By not overruling *Hazkell*, I read the majority here to be in agreement with the decision there *not* requiring the State to affirmatively plead that a defendant knows a police officer is attempting to make a *lawful* arrest. Given the required level of proof such a decision would lay upon the State, satisfaction of such a burden would be highly speculative at best.

With the advent of the majority opinion today, however, the State will be required to plead that the defendant knows his pursuer is a police officer *and* that the officer is attempting to *arrest him*. The majority has in effect destroyed the logical inference surrounding the officer's conduct and implicitly demonstrated by the accused's decision to flee in the first place. Up to this time, it has been necessary for the State to prove that the pursuing officer was in fact attempting a lawful arrest based upon probable cause. Today, the majority adopts the position of the Court of Appeals that "[t]he gravamen of the offense is the evasion of an arrest, not the evasion of a police officer." *Jackson v. State*, 690 S.W.2d 686 (Tex.App.—Houston [1st] 1985). While well intended, such phrasing ignores the legislative intent of the "flight" statutes. V.T.C.A., Penal Code, Section 38.03, (resisting arrest) applies to flight where force is used against a peace officer. V.T.C.A., Penal Code, Section 38.07, (escape) applies only to flight after arrest, after the defendant becomes cognizant that he has been placed in custody by a police officer. Section 38.04, supra, a relative newcomer in relation to the other "flight" statutes, provides a misdemeanor sanction for non-forceful evasion of arrest by flight. See, The Practice Commentary to Section 38.04; The Explanatory Comment of Branch's Texas Annotated Penal Code, 3rd Ed., Volume 3, Section 38.04.

In affirming the lower court decision here, the majority finds that the writer was correct in stating:

"The language in Section 38.04 is clear and unambiguous, and there is only one reading consistent with grammatical structure of the statute: a defendant can be convicted of evading arrest only if he is 'aware that the person from whom he is fleeing is a peace officer' *who is 'attempting to arrest him.'* We conclude that the defendant's knowledge that a police officer is trying to arrest him is an essential element of the offense of evading arrest." (Emphasis added). *Jackson*, supra.

A brief analysis of the history behind the adoption of Section 38.04 illustrates the fallacy of the Appeals' Court's position.

After five years of effort, the State Bar Committee on Revision of the Penal Code in 1970 published its final draft of the new penal code. See, A Proposed Revision (West Publ.Co., October 1970). As drafted, the proposed Section 38.04(a) read as follows:

"Section 38.04. Evading Arrest

(a) An individual commits an offense if he intentionally flees from a person he knows is a peace officer *who he knows is* attempting to arrest him." (Emphasis added).

However, as finally passed by the Legislature in 1973, the second mens rea requirement was deleted:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

The 1973 enactment therefore clearly deleted the language "who he knows is ..." which prescribed an additional awareness requirement to be pled by the State. Yet it is that very requirement—that a person must *know* that there is an attempt to arrest him—that this Court now adopts as an element under Section 38.04, supra.

I submit that in deciding " ... there is only one reading consistent with the grammatical structure of the statute ..." the Court of Appeals judicially construed the language of Section 38.04 contrary to the clear and unambiguous intent of the Legislature.

The cardinal rule of statutory interpretation is to ascertain the legislative intent in enacting a statute. *Faulk v. State*, 608 S.W.2d 625 (Tex.Cr.App.1980); *Minton v. Frank*, 545 S.W.2d 442 (Tex.1976). The Court of Criminal Appeals cannot substitute its own judgment for the judgment and discretion of the Legislature in statutory matters. *Ex parte Davis*, 412 S.W.2d 46 (Tex.Cr.App.1967). Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed; it is not for the reviewing courts to add or subtract from such a statute. *Id.; Ex parte Levinson*, 160 Tex. Cr.R. 606, 274 S.W.2d 76 (1955). The legislative intent and meaning of a statute is to be based upon the language found in the statute itself. *Faulk*, supra.

Here, there is no indication that the Court of Appeals looked to or relied upon the intent behind the passage of Section 38.04. The provision was enacted in an effort to deter the incidence of forceful confrontation between citizen and peace officer in the streets, by shifting the question of probable cause for arrest to the courtroom. See, The Practice Commentary to Section 38.04, supra. The deletion of the second knowledge requirement from the original final draft demonstrates the unmistakable intent of the Legislature to require knowledge only that the person from whom the party is intentionally fleeing is a peace officer. By placing the language of modification back into the statute so as to get a "consistent and grammatical structure," the Court of Appeals has reintroduced into Section 38.04 what the Legislature in fact removed. It is not a proper function of the judiciary to legislate by ascribing to words and phrases a distorted meaning at substantial variance with the meaning ascribed by the Legislature. *Williams v. State*, 698 S.W.2d 266 (Tex.Cr. App.1985).

The Court of Appeals' declaration as to the gravamen of the instant offense also ignores the realistic, common sense intertwining of the underlying rationale for the pursuit and the person who is in pursuit. It is in the natural order of things, after all, that it is a peace officer who will be evaded, since that officer is attempting to make the arrest.

Given the clear and precise wording of the statute in proper context, the fact that appellant here "did intentionally flee from ... a peace officer lawfully attempting to arrest the defendant, knowing that the complainant was a peace officer," is sufficient to give appellant proper notice of the charges against him and to show knowledge that appellant was aware of her impending arrest. Indeed, if appellant was not aware that the pursuing officer was attempting to arrest her, one wonders why she fled in the first place.

Because I do not believe that it is the proper function of the courts to invade the province of the legislative field, and disagree that the information here is fundamentally defective, I respectfully dissent. See *Brazos River Authority v. City of*

*Graham,* 163 Tex. 167, 354 S.W.2d 99 (1962).

WHITE, J., joins in this dissent.