

# NUMBER 13-06-00298-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EUGENE MERCIER,**                                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                  **Appellee.**

---

**On appeal from the 332nd District Court of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Benavides**

This case is before us for the second time. *See State v. Mercier,* 164 S.W.3d 799 (Tex. App.–Corpus Christi 2005, pet. ref'd). In the first appeal, we reversed the trial court's order granting Mercier's motion for new trial and rendering a judgment of acquittal based on insufficient evidence. *See id.* at 823. We remanded to the trial court for entry of

judgment in accordance with the jury's verdict. *Id.* The trial court rendered a judgment of conviction for conspiracy to commit barratry, and it sentenced Mercier to two years' confinement, suspended the sentence for five years and imposed community supervision, and imposed a fine of $7,500. Thereafter, upon Mercier's motion, the trial court reduced the sentence to six months in a state jail facility, suspended the sentence for two years, and imposed a fine of $7,500. Mercier has now appealed, asserting numerous errors in the trial court, and the State has filed a cross-appeal challenging the reduction in Mercier's sentence. Because we find that the indictment was fatally defective, we reverse and render judgment dismissing the prosecution.[1]

## I. LIMITATIONS

By his first four issues, Mercier argues that the trial court erred by denying his various motions to dismiss based on the statute of limitations.[2] On March 21, 2000, a grand jury first indicted Mercier on two counts of conspiracy to commit barratry. The indictment alleged that the crimes occurred on or about September 30, 1997. On December 19, 2001, Mercier was re-indicted for the same offenses. Then on December 21, 2001, the State dismissed the first indictment.

Mercier argues that the applicable limitations statute required that the indictment be presented within three years after the date of the commission of the offense. *See* TEX.

---

[1] The procedural history of this case, as well as the facts, were set forth in our first opinion. *State v. Mercier,* 164 S.W.3d 799 (Tex. App.–Corpus Christi 2005, pet. ref'd). We will not repeat them here except to explain the basic reasons for our holding. TEX. R. APP. P. 47.1, 47.4.

[2] Mercier argues that the trial court erred by overruling the following motions, all raising the same arguments: (1) his application for a pretrial writ of habeas corpus; (2) his motion to reconsider the denial of his application for a pretrial writ of habeas corpus; (3) his motion to acquit based on limitations; and (4) his renewal of the motion to acquit based on limitations. The State does not dispute that these motions and rulings preserved Mercier's issue for our review.

PENAL CODE ANN. § 38.12(f) (Vernon 2003); TEX. CODE CRIM. PROC. ANN. art. 12.01(6) (Vernon Supp. 2008) (providing catch-all limitations period of three years for felonies not expressly listed); *id.* art. 12.03(b) (Vernon 2005) ("The limitation period for criminal conspiracy or organized criminal activity is the same as that of the most serious offense that is the object of the conspiracy or the organized criminal activity."). He reasons that the limitations period expired on October 1, 2000, and he calculates that date by excluding the date of the offense and the date of the indictment. *See id.* art. 12.04 (Vernon 2005). Although Mercier recognizes that the time that an indictment is pending is not included when calculating the limitations period, *see id.* art. 12.05(b) (Vernon 2005), he argues that this is a "tolling" provision that must be pleaded within any subsequent indictment. Thus, because the second indictment pleaded an offense that was outside the limitations period and did not plead the tolling provision, the indictment was fatally defective, and he is entitled to a dismissal of the prosecution.

The State does not dispute that the three-year limitations period applies. However, the State argues that the second indictment was properly within the limitations period because limitations was tolled from March 21, 2000, when the first indictment was presented, until December 19, 2001, when the second indictment was presented. In its brief, the State disputed that it was required to plead its reliance on tolling factors within the second indictment.

First, we note that the State appears to argue that because Mercier raised this issue in the prior appeal and we did not address it, the issue must lack merit or is somehow barred from our consideration. We disagree. In the prior appeal, the State appealed the trial court's determination that the verdict was based on insufficient evidence. *Mercier,* 164

3

S.W.3d at 805. Although the trial court also issued "conditional" orders addressing Mercier's other arguments in the event of future appeals, including that the prosecution was barred by limitations, we held that the trial court was without power to issue conditional orders after granting a judgment of acquittal. *Id.* at 811-12. Accordingly, we did not address Mercier's arguments regarding limitations. *Id.* Furthermore, although Mercier raised cross-points in the prior appeal, he was under no obligation to do so because there was no judgment of conviction against him, nor could there be an appealable judgment until the trial court determined his sentence on remand. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); TEX. R. APP. P. 25.2(a) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters *a judgment of guilt or other appealable order.*") (emphasis added); TEX. R. APP. P. 21.3(h) (stating defendant must be granted a new trial if the verdict is contrary to the law and the evidence); *see also Abbott v. State*, 271 S.W.3d 695, 696-96 (Tex. Crim. App. 2008) (holding standard for determining appellate jurisdiction is whether appeal is authorized by law, and generally, a criminal defendant may only appeal a final judgment of conviction); *cf.* TEX. R. APP. P. 38.2(b) (requiring appellee to raise cross-points when trial court grants judgment notwithstanding the verdict, and stating that failure to raise such cross points waives the issue). For these reasons, this issue is not barred by our prior opinion and is properly before us.

Statutes of limitations were once considered jurisdictional in nature; thus, the failure to plead and prove a tolling provision in order to save an indictment that, on its face, was barred by limitations, was fatal to the indictment. *See Cooper v. State*, 527 S.W.2d 563, 565 (Tex. Crim. App. 1975), *overruled by Proctor v. State*, 967 S.W.2d 840, 843 (Tex.

Crim. App. 1998). Later, however, the Texas Court of Criminal Appeals held that a statute of limitations is a "procedural rule, in the nature of a defense, that was enacted basically for the benefit of defendants and not the State." *Proctor*, 967 S.W.2d at 843. In an unpublished decision relying on this precedent, we held that the State was not required to plead tolling factors in an indictment. *State v. Plambeck*, Nos. 13-02-492-CR, 13-02-493-CR, 2007 WL 1706249, at *7 (Tex. App.–Corpus Christi Jun. 14, 2007, pet. ref'd) (not designated for publication).

After the parties filed their briefs in this appeal, however, the Texas Court of Criminal Appeals held that the State must plead its reliance on a tolling provision if the indictment does not demonstrate on its face that the crime alleged occurred within the limitations period. *See Tita v. State*, 267 S.W.3d 33, 37-38 (Tex. Crim. App. 2008).[3] The court relied on article 21.02(6) of the Texas Code of Criminal Procedure, which requires that an indictment indicate on its face that the prosecution is not barred by limitations. TEX. CODE CRIM. PROC. ANN. art. 21.02(6) (Vernon 2009); *Tita*, 267 S.W.3d at 37. The court further held that under article 27.08(2), a defendant may object to the substance of an indictment and obtain dismissal of the indictment, if "'it appears from the face thereof that a prosecution for the offense is barred by a lapse of time.'" *Tita*, 267 S.W.3d at 37 (quoting

---

[3] Mercier filed a supplemental appellant's brief shortly before oral argument in this case, notifying this Court of the *Tita* decision. The State has moved to strike this brief, arguing that Mercier failed to obtain permission to file his supplemental brief and that the brief does not comply with the rules of appellate procedure because it does not have a table of contents or a table of authorities. First, we note that the brief does, in fact, contain a table of contents and a table of authorities. More importantly, however, the supplemental brief merely brings to our attention a change in the law since the filing of the original briefs, which could have been merely included in a letter brief to this Court. We would be required to consider the new law raised in the supplemental brief even if it had not been brought to our attention by Mercier. Accordingly, we deny the State's motion and will consider the brief. We note that at oral argument, we granted the State leave to file a supplemental brief addressing the recent changes in the law. The State has not done so.

5

Tex. Code Crim. Proc. Ann. art. 27.08(2) (Vernon 2006)). Applying both these statutes, the court held that in order to avoid dismissal, the State must plead any tolling factors to prevent the indictment from giving the appearance that the prosecution is barred by a lapse of time. *Id.* at 38. Because the State failed to plead its reliance on the tolling provision, the court held that the trial court erred in denying Tita's motion to dismiss the prosecution.

*Tita* is directly on point. *Id.* Because the State failed to plead its reliance on the tolling provision when it presented the second indictment against Mercier, the trial court erred in denying Mercier's motions to dismiss the prosecution. *Tita,* however, suggests that this may not be the end of the inquiry.

In *Tita*, the court of criminal appeals held that Tita had raised a defect of "substance" in the indictment. *Id.* Yet, upon finding that the trial court erred in denying Tita's motion to dismiss and that the court of appeals erred in affirming that denial, the court remanded to the court of appeals "for a harm analysis under Texas Rule of Appellate Procedure 44.2(b)." *Id.* The court cited both Texas Rule of Appellate Procedure 44.2(b) and a section of Dix and Dawson's Criminal Practice and Procedure. *Id.* (citing G. Dix & R. Dawson, 41 Texas Practice: Criminal Practice and Procedure § 21.147 (2nd ed. 2001)). The court's citation to Rule 44.2(b) and to Dix and Dawson, while simple in itself, creates substantial confusion.

The legislature has classified defects in an indictment as either defects of form or defects of substance. Tex. Code Crim. Proc. Ann. art. 27.08 (listing defects of

6

substance);[4] *id.* art. 27.09 (Vernon 2006) (listing defects of form).[5]  It has provided that "[a]n indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."  *See id.* art. 21.19 (Vernon 2009) (emphasis added).

Applying this statutory scheme for review of defects of form, the Texas Court of Criminal Appeals has held that a defect of form is not grounds for reversal unless the defect itself prejudiced the defendant's substantial rights.  *See Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).  The *Adams* court held that the applicable harm

---

[4] That section provides:

There is no exception to the substance of an indictment or information except:

1.   That it does not appear therefrom that an offense against the law was committed by the defendant;

2.   That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment;

3.   That it contains matter which is a legal defense or bar to the prosecution; and

4.   That it shows upon its face that the court trying the case has no jurisdiction thereof.

TEX. CODE CRIM. PROC. ANN. art. 27.08 (Vernon 2006).

[5] That section provides:

Exceptions to the form of an indictment or information may be taken for the following causes only:

1.   That it does not appear to have been presented in the proper court as required by law;

2.   The want of any requisite prescribed by Articles 21.02 and 21.21.

3.   That it was not returned by a lawfully chosen or empaneled grand jury.

*Id.* art. 27.09 (Vernon 2006).

analysis involves three steps:

> The first step in answering this question is to decide whether the charging instrument failed to convey some requisite item of "notice." If sufficient notice is given, this ends our inquiry. If not, the next step is to decide whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact.

*Id.*

Later, the court of criminal appeals held that the *Adams* analysis does not apply to appellate review of defects of substance. *Jackson v. State*, 718 S.W.2d 724, 725 n.1 (Tex. Crim. App. 1986)*.* It stated:

> Because we are not dealing with a notice defect, but are instead dealing with the issue of whether the information in this cause actually states the offense of evading arrest, we need not concern ourselves with this Court's recent decisions of *Adams v. State*, 707 S.W.2d 900 (Tex. Crim. App. 1986), and *Opdahl v. State*, 705 S.W.2d 697 (Tex. Crim. App.1986).

*Id.* In *Jackson*, the court reversed a conviction based on a defect of substance in the indictment without conducting a harm analysis. *See id.* at 727.

Some courts following *Jackson* have either (1) expressly held that a defect of substance is reversible, and harmful, per se, or (2) assumed that no harm analysis is required when the indictment contains a defect of substance and have reversed without requiring a showing of harm. *See Thompson v. State,* 219 S.W.3d 171, 183 (Tex. App.–Houston [14th Dist.] 2001, no pet.) ("Consequently, where the State fails to amend an indictment alleging a requisite mental state, and the defendant timely objects to the omission, the trial court's failure to quash the indictment has been, and still is, treated as error harmful under any harm analysis, i.e. reversible per se."); *Sanchez v. State*, 32 S.W.3d 687, 699 (Tex. App.–San Antonio 2000), *overruled on other grounds,* 120 S.W.3d

8

359 (Tex. Crim. App. 2003); *Burleson v. State,* 935 S.W.2d 526, 529 (Tex. App.–Waco 1996, no pet.), *overruled on other grounds, State v. Mason,* 980 S.W.2d 635 (Tex. Crim. App. 1998); *see also* G. DIX & R. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 20.42 (2nd ed. Supp. 2008) ("An erroneous failure to sustain an objection raising a defect of substance apparently requires automatic reversal regardless of whether the appellant was harmed.").[6]  One other court, however, has held that Texas Rule of Appellate Procedure 44.2(b) could be applied to review of a defect of substance.  *See Tollett v. State,*  219 S.W.3d 593, 600 (Tex. App.–Texarkana 2007, pet. ref'd).[7]

The problem with applying Rule 44.2(b) to defects of substance is that such an application seems to render article 21.19 meaningless, given that Rule 44.2(b) would provide the same review for defects of substance as for defects of form.  Rule 44.2(b) states that a nonconstitutional error "that does not affect substantial rights must be disregarded."  TEX. R. APP. P. 44.2(b).  For example, applying Rule 44.2(b) to a defect of substance, the Texarkana Court of Appeals focused on whether the indictment provided sufficient notice to allow the defendant to prepare his defense, which is exactly the sort of

---

[6] In *Sanchez,* the San Antonio Court of Appeals noted that in *Vela v. State*, this Court applied the *Adams* analysis to a defective indictment that failed to allege an element of the charged offense  *See* 32 S.W.3d 687, 700 (Tex. App.–San Antonio 2000), *overruled on other grounds,* 120 S.W.3d 359 (Tex. Crim. App. 2003) (citing *Vela v. State,* 776 S.W.2d 721, 724 (Tex. App.–Corpus Christi 1989, no pet.)).  *Sanchez* and Dix and Dawson note that this is actually a defect of substance that would not require a harm analysis, but state that this Court characterized it as a defect of form.  *See id.*; G. DIX & R. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (2nd ed. Supp. 2008).  We need not determine whether *Vela* correctly characterized the defect as one of form or substance, as that issue is not now before the Court. Whether correct or incorrect, this Court characterized the defect as one of form, framing the issue as a "notice" issue, and, nevertheless, properly applied *Adams*'s harm analysis to the form defect. *Vela,* 776 S.W.2d at 724.

[7] *See also Flores v. State*, 102 S.W.3d 328, 333 (Tex. App.–Eastland 2003, pet. ref'd) (holding that defect alleged was one of form, but stating, in dicta, that it would apply same harm analysis to defect of substance).

review that *Jackson* rejected when it stated that *Adams* does not apply to defects of substance. *Jackson,* 718 S.W.2d at 725 n.1; *Tollett,* 219 S.W.3d at 600.

To further compound the confusion, in *Tita*, the court of criminal appeals cited a section of Dix and Dawson's Criminal Practice and Procedure to support the proposition that a harm analysis should be conducted. *See Tita*, 267 S.W.3d at 38 (citing G. DIX & R. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (2nd ed. 2001)). The 2001 edition of Dix and Dawson, cited by the court, discusses the *Adams* analysis for harm arising from a defect of form. G. DIX & R. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (2nd ed. 2001). It states that the basis for the *Adams* rule makes it clear that the *"Adams* rule does not apply if the charging defect was one of substance," and notes that this was confirmed by the court of criminal appeals in *Jackson. Id.* Dix and Dawson states that "[w]hen an appellate court finds that the trial court erred in rejecting a defendant's claim that the charging instrument suffers from a defect of substance, both pre-*Adams* law and *Jackson* assume that no harmless error rule applies. Therefore, reversal is automatic." *Id.* Thus, Dix and Dawson appears to recognize that no harm analysis applies.

In a footnote, however, Dix and Dawson notes that "[t]his is not a necessary result . . . . Error in overruling a challenge based on a defect of substance might be held subject to the general harmless error rule in [Texas Rule of Appellate Procedure 44.2(b)]." In another footnote, Dix and Dawson notes that "[t]he courts' assumption has also been that error in rejecting a challenge to a charging instrument based on a defect of substance is not subject to the general harmless error analysis as reflected in the Rules of Appellate

10

Procedure." *Id.* It notes that this question has been left "open," although this statement appears inconsistent with its prior statement that reversal is automatic. *Id.*

Dix and Dawson then surmises that "[p]erhaps the case law culminating in *Jackson* was simply incorrect, and article 21.19 does not in fact add anything to the analysis applicable to determine when error consisting of overruling a motion to quash for a defect of substance requires reversal of a conviction." *Id.* However, it goes on to note that the difficulty in applying a harmless error analysis to defects of substance is how to conceptualize the error, noting that *Adams* alters the general harmless error analysis to focus on the form defect itself, rather than on the trial judge's action. *Id.*

In sum, the court of criminal appeals in *Tita* cited to a section of Dix and Dawson that raises numerous questions but provides no answers to those questions. In fact, Dix and Dawson has now been updated to reflect the court's decision in *Tita,* and it recognizes the resulting confusion*:*

> *Tita*, however, seems to make clear that error in overruling a meritorious motion to quash raising a defect of substance is subject to harmless error analysis. It also makes clear this analysis is to be made under Rule 44.2(b) provision for nonconstitutional harmless error. Nothing in the decision, however, indicates how Rule 44.2(b) is to be applied to this situation or how, if at all, this analysis differs from harmless error analysis under Article 21.19 and *Adams.*

G. DIX & R. DAWSON, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.147 (2nd ed. Supp. 2008).[8]

The court of criminal appeals' citation to Rule 44.2(b) and to Dix and Dawson has left many questions in its wake. However, one thing is clear—applying a harm analysis to

---

[8] The 2007-2008 Supplement issued in November 2007 does not reflect this change, but it is available in the electronic updates published on Westlaw at 41 TXPRAC § 21.147.

11

substantive defects in an indictment is inconsistent with the court of criminal appeals's prior decision in *Jackson*, where the court reversed without finding harm and expressly rejected the *Adams* harm analysis. *Jackson*, 718 S.W.2d at 727. We believe that principles of stare decisis require more than a mere citation to a rule of procedure and a treatise to overrule prior precedent in an area as confused as this one is.

As the court of criminal appeals has explained, it will not overrule precedent "lightly." *Ex parte Douthit,* 232 S.W.3d 69, 74 (Tex. Crim. App. 2007). "[T]he goals of the doctrine of stare decisis include 'promot[ing] judicial efficiency and consistency, encourag[ing] reliance on judicial decisions, and contribut[ing] to the integrity of the judicial process.'" *Id.* (quoting *Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000)). Had the court of criminal appeals intended to overrule *Jackson*, we expect that it would have provided some analysis explaining its reasoning and would have answered the questions raised by Dix and Dawson. Accordingly, we decline to hold that the court of criminal appeals intended to overrule *Jackson* and its progeny. Instead, we construe the court's directive to the court of appeals as merely an acknowledgment that the court of appeals did not address or apply the remedy for a substantive defect in the indictment because it found no defect existed.

Because *Jackson* and its progeny have not been expressly overruled, we follow that precedent. *Jackson*, 718 S.W.2d at 727. Accordingly, we sustain Mercier's first four issues, reverse the trial court's judgment, and render judgment dismissing the prosecution. We need not address Mercier's remaining issues, nor do we address the State's cross-issue regarding sentencing, because these issues would not further affect the outcome of

this appeal. TEX. R. APP. P. 47.1.

## II. CONCLUSION

We sustain Mercier's first through fourth issues, and we reverse and render judgment dismissing the prosecution.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX.R. APP.P. 47.2(b)

Memorandum Opinion delivered and
filed this the 14th day of May, 2009.