

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00134-CR

**ANTHONY JEROME CARTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1713-C1**

## MEMORANDUM  OPINION

Appellant Anthony Jerome Carter entered an open plea of guilty to two counts of evading arrest or detention in a motor vehicle with a deadly weapon and pleaded true to the enhancement and habitual paragraphs.  After a punishment hearing, the trial court assessed Carter's punishment at life imprisonment for each count and signed a judgment on each count.  This appeal ensued.

In his sole issue, Carter contends for the first time that convicting him twice for only one incident of evading violates the Double Jeopardy Clause of the Fifth

Amendment to the U.S. Constitution; Article I, Section 14 of the Texas Constitution; and article 1.10 of the Code of Criminal Procedure.[1] The State concedes error, responding that, as the law currently stands, there can be only one conviction for one act of evading, even if the act causes more than one death; therefore, one of Carter's judgments must be vacated. We agree.

Carter's open plea of guilty does not forfeit his double-jeopardy claim because the judgment of conviction was not rendered independent of the double-jeopardy violation as "the claim is that the State may not convict petitioner no matter how validly his factual guilt is established." *See Reyes v. State*, 139 S.W.3d 448, 449 (Tex. App.— Austin 2004, no pet.) (quoting *Menna v. New York*, 423 U.S. 61, 62 n.2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)); *see also Wilson v. State*, Nos. 05-10-01207-CR to 05-10-01212-CR, 05-11-00087-CR, 2012 WL 983119, at *3 (Tex. App.—Dallas Mar. 21, 2012, no pet.) (mem. op., not designated for publication). Furthermore, an appellant may raise a double-jeopardy claim for the first time on appeal when, as here, (1) the undisputed facts show the double-jeopardy claim violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serve no legitimate state purpose. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd).

"A defendant suffers multiple punishments in violation of the Double Jeopardy Clause when he is convicted of more offenses than the legislature intended." *Ervin v.*

---

[1] Although included in Carter's brief in the statement of his issue presented, article 1.10 of the Code of Criminal Procedure is not mentioned in the substance of Carter's argument. Moreover, citing *Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990), Carter states that the U.S. and Texas Constitution double-jeopardy provisions are treated identically.

*State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999) (citing *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). "The legislature … determines whether offenses are the same for double-jeopardy purposes by defining the 'allowable unit of prosecution.'" *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (quoting *Sanabria v. United States*, 437 U.S. 54, 69, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)). "The legislature also decides whether a particular course of conduct involves one or more distinct offenses under a given statute." *Id.* Consequently, the scope of the Double Jeopardy Clause's protection against multiple punishments under the evading-arrest-or-detention statute (TEX. PENAL CODE ANN. § 38.04 (West Supp. 2013)) depends on ascertaining the allowable unit of prosecution. *See Ex parte Cavazos*, 203 S.W.3d at 336. "Absent an explicit statement that 'the allowable unit of prosecution shall be such-and-such,' the best indicator of legislative intent with respect to the unit of prosecution seems to be the focus or 'gravamen' of the offense." *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

The gravamen of "evading arrest" is the evasion of an arrest. *Jackson v. State*, 718 S.W.2d 724, 726 (Tex. Crim. App. 1986); *see In re D.X.S.*, No. 13-12-00446-CV, 2013 WL 5522722, at *4 (Tex. App.—Corpus Christi Oct. 3, 2013, pet. denied) (mem. op.). Thus, the allowable unit of prosecution for evading arrest is the evasion of arrest. *See Jones*, 323 S.W.3d at 889; *Jackson*, 718 S.W.2d at 726.

In this case, Carter was charged in two separate indictments, each with its own cause number, of evading arrest or detention in a motor vehicle with a deadly weapon. In both indictments, the grand jury alleged that Carter, on or about June 23, 2011, "did

then and there intentionally flee from Eric Trojanowski, a person the Defendant knew was a peace officer who was attempting lawfully to arrest or detain the Defendant"; however, one indictment alleged that

> as a direct result of the attempt by the said Eric Trojanowski to apprehend the Defendant while the Defendant was in flight, **MAE JEAN ECKLES** suffered death as a result of the Defendant failing to control his motor vehicle and/or by failing to keep his vehicle on the roadway and/or by driving a motor vehicle at an excessive speed

while the other indictment alleged that

> as a direct result of the attempt by the said Eric Trojanowski to apprehend the Defendant while the Defendant was in flight, **JESUS ESPINOZA** suffered death as a result of the Defendant failing to control his motor vehicle and/or by failing to keep his vehicle on the roadway and/or by driving a motor vehicle at an excessive speed.

The State's Motion to Consolidate Prosecution of Offenses was subsequently granted and the indictments became two counts with one cause number. Carter pleaded guilty to each count in the consolidated indictment, but there is no dispute that both counts involved only one incident of evading arrest or detention and that each count merely alleged a separate fatality victim. Carter's two evading-arrest-or-detention convictions based on the same evasion of arrest therefore violate the Double Jeopardy Clause. We sustain Carter's sole issue.

When a defendant is convicted in a single criminal action of two offenses that are the "same" for double jeopardy purposes, the remedy is to vacate one of the convictions. *Ball*, 470 U.S. at 864, 105 S.Ct. at 1673. In making that determination, we retain the conviction for the "most serious" offense and set aside the other conviction. *Ex parte Cavazos*, 203 S.W.3d at 337. When the offenses and punishments are identical,

we may uphold the conviction for the first offense listed in the indictment and vacate the conviction for the second offense alleged. *See Lopez v. State*, 80 S.W.3d 624, 629 (Tex. App.—Fort Worth 2002), *aff'd on other grounds*, 108 S.W.3d 293 (Tex. Crim. App. 2003). Because the two offenses and punishments are identical in this case, we vacate the trial court's judgment convicting Carter under Count II for evading arrest or detention in a motor vehicle with a deadly weapon and affirm the trial court's judgment convicting him under Count I.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed in part, vacated in part
Opinion delivered and filed April 24, 2014
Do not publish
[CRPM]