

IN THE
TENTH COURT OF APPEALS

No. 10-18-00360-CR

HARRY DONALD NICHOLSON, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. D37996-CR

## DISSENTING OPINION[1]

In this appeal, we are squarely confronted with the impact of a change in the

wording of a statute that has not yet been directly addressed by the Court of Criminal

Appeals. It is an issue that has been percolating in the Courts of Appeals and is now ripe

for review and decision by the Court of Criminal Appeals. The question is whether we

are going to apply existing precedent or rewrite the statute for the legislature. The Court

---

[1] This dissenting opinion applies only to docket number 10-18-00360-CR and not to the companion case in 10-18-00359-CR.

does not purport to do either because it holds that the evidence is sufficient to support a fact finder's conclusion under either interpretation of the statute. I disagree.

The first issue in this case is fundamentally the same as the third issue; that is, whether the elements of the offense, evading arrest, include that the State must prove the defendant knew the attempted arrest or detention was lawful. The difference in the first and third issues is that, in the third issue, even if there is sufficient evidence to show the defendant knew the attempted arrest was lawful, there is egregious charge error because the charge did not require the jury to make that determination and, thus, entirely omitted an element of the offense. Under both issues, we must decide whether the State had to prove that the defendant knew the attempted arrest or detention was lawful. If it is an element of the offense and there is insufficient evidence, the result is an acquittal. That is issue one. If it is an element of the offense and there is sufficient evidence to support it, the result is a reversal and remand for a new trial with a proper charge. That is issue three. I believe there is no evidence of an element of the offense under a proper interpretation of the statute; thus, I would render a judgment of acquittal. Because the Court does not, I respectfully dissent.

The Court has discussed most of the law that I would recite in interpreting the current version of Texas Penal Code § 38.04(a). There is no need to repeat it in this dissenting opinion. Moreover, the Court acknowledges that we review the evidence in the context of a hypothetically correct jury charge which, even the State concedes, the charge given in this proceeding was not correct. But the State concedes only that the charge omitted the element that the defendant had to know that the peace officer was

trying to arrest or detain him, Nicholson's fourth issue, not that the charge omitted the element that the defendant knew that the attempted arrest or detention was lawful, Nicholson's third issue.

So it seems obvious that we first must know the elements of the offense. The offense is evading arrest or detention with a vehicle. The relevant provision of the Penal Code provides:

> A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

TEX. PENAL CODE ANN. § 38.04(a). The level of the offense is enhanced if the flight involves the use of a motor vehicle. *See id.* (b).

The statute has been amended several times. But it is the most recent amendment that is particularly relevant to our analysis and the one discussed by the Court in its opinion. In particular, the Legislature moved what had been an exception to the offense to be an element of the offense. Specifically, the Legislature moved the word "lawfully," in reference to the attempted arrest or detention, from an exception to the offense to an element of the offense. But they did not just move it. The Legislature inserted it as an element right between two other elements that had previously been held to require knowledge by the defendant. *See Jackson v. State* 718 S.W.2d 724 (Tex. Crim. App. 1986). The amendment inserted the word "lawfully" between the defendant's required knowledge that (1) the person was a peace officer and (2) the peace officer was attempting to arrest or detain him.

The question for interpretation is whether, under the current text of the statute, the State must also prove that the defendant knows the reason for the attempted arrest or detention was lawful. If we apply the analysis and holding from *Jackson,* we must hold that after the amendment, the State now has to prove the defendant knew three things while fleeing: 1) the pursuer is a peace officer; 2) the peace officer is attempting to arrest or detain the defendant; and 3) the reason the peace officer is attempting to arrest or detain is a lawful one. There is no other grammatically correct or logically consistent interpretation so long as the statute has been and still is interpreted to mean that the defendant must know: 1) that the pursuer is a peace officer and 2) that the peace officer is trying to arrest or detain, as the Court of Criminal Appeals held in *Jackson.* The Legislature simply added a third thing the State must prove the defendant knew.

For that reason, I am required to dissent to the Court's holding and, based on the binding precedent of *Jackson*, would hold that Nicholson is entitled to an acquittal because there is insufficient evidence that he knew the reason the peace officer was trying to arrest or detain him was lawful.

But I cannot stop there. If I am correct in the forgoing, we should look back to how we got here. We should carefully examine *Jackson.* When doing so, I would submit that the Court of Appeals in *Lovington v. State*, No. 07-16-00109-CR, 2016 Tex. App. LEXIS 18215, at **5-6 (Tex. App.—Amarillo, Dec. 3, 2016, no pet.) (mem. op.) (not designated for publication), and those that have followed it and determined that the defendant's knowledge of the lawfulness of his arrest is an absurd result, had to ignore the holding of *Jackson*. They did not dig deeply enough into the holding of *Jackson*. We may not agree

with the Legislature, but requiring the defendant know the peace officer was attempting a lawful arrest is certainly not absurd.  It may be ill advised, and it may pose interesting challenges in proof, but it is certainly not absurd or illogical.

But I must press on with examining the analysis of *Jackson.*  Judge McCormick, in his dissenting opinion in *Jackson*, explained the history of the statute and why the Court's holding was wrongly decided.  It now appears to me that pushing the interpretation of the statute out to where the *Jackson* majority would now take us, shows the correctness of the arguments in Judge McCormick's dissenting opinion.

As applied to the current argument, Judge McCormick would say that it is not that the word "lawfully" was dropped in between two things that are otherwise a listing of what the defendant must have knowledge:  1) peace officer, and 2) arrest or detain. Rather, Judge McCormick would argue that the proper way to read the statute is that the only thing the defendant must know, the knowledge requirement in the statute, is that the person from whom flight is taken is a peace officer, notwithstanding that the State must still prove as elements of the offense that the peace officer was attempting to arrest or detain the defendant and that the reason for the attempted arrest or detention was lawful.  As Judge McCormick suggested, the inference should be, and, based on the wording of the statute, it is, that to presume the peace officer was in pursuit for anything other than a lawful arrest or detention would be absurd.  *Jackson v. State* 718 S.W.2d 724, 728-730 (Tex. Crim. App. 1986) (McCormick, P.J., dissenting).

But as a mere justice on an intermediate appellate court, I am duty bound by the holding and precedential *stare decisis* of *Jackson*.  Thus, because I am only a ship and not

a lighthouse, I cannot force the lighthouse to change its course.  So I must yield to the Court of Criminal Appeals' holding in *Jackson* and would have to hold that the State must prove Nicholson knew that the attempted arrest or detention by a peace officer was lawful.[2]

Moreover, because there is insufficient evidence to prove beyond a reasonable doubt that Nicholson knew the attempted arrest or detention was lawful, I would render a judgment of acquittal.  Because the Court reverses and remands for a new trial, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion issued and filed September 4, 2019



---

[2]  *See* https://en.wikipedia.org/wiki/Lighthouse_and_naval_vessel_urban_legend for a general discussion of the concept of ship v. lighthouse and the recognition of why I must yield the right of way.